Joe **VILLARREAL**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 71–2374.

United States Court of Appeals,
Ninth Circuit.

June 1, 1972.

Joe Villarreal, in pro. per.

William D. Keller, U. S. Atty., Barbara A. Meiers, Eric A. Nobles, Asst. U. S. Attys., Los Angeles, Cal., for respondent-appellee.

Before MERRILL, ELY and HUF-STEDLER, Circuit Judges.

PER CURIAM:

On March 3, 1965, appellant was charged with nine counts of bank robbery (18 U.S.C. § 2113(a) (d)) to which he pleaded not guilty. On March 29, 1965, represented by counsel, he pleaded guilty to two of the counts, and the remaining counts were dismissed. The court thereafter sentenced him to 20 years on one count and 10 years on the other, the sentences to run consecutively.

In June 1967, appellant filed a section 2255 application asserting that his guilty plea had been involuntary because the court had not complied with Rule 11 and because his plea had been induced by an agreement under which he had been promised that his sentence would not exceed 15 years. In denying the application without an evidentiary hearing, the district court concluded that appellant's petition was frivolous. The court said:

> "Moreover, the record shows that petitioner was apprised by the court three weeks before he entered his plea of guilty that no one had the authority to promise leniency or anything,

and, at the time his plea of guilty was taken, petitioner indicated that no promises had been made to him, and that he was pleading guilty because he was guilty of the offenses charged.

"Finally . . . in his affidavit submitted in support of his motion petitioner states that his attorney 'had spoken to the United States attorney handling the case. . . . Mr. Cronin [petitioner's attorney] inferred that he and the United States Attorney were in accord that prison sentences not in excess of 15 years would be imposed upon [his codefendant and himself] upon a plea of guilty, per agreement. Mr. Cronin did not specifically say so, but my understanding was that a "gentlemen's agreement" had been reached.' *Such a statement is obviously vague and too speculative to warrant relief*, particularly in view of the record which is now before this court." (Emphasis added.)

Appellant filed an appeal from the order denying his 1967 motion, but he withdrew the appeal before it was heard.

In June 1971, appellant filed his second application for section 2255 relief, upon grounds substantially similar to those he had asserted in 1967. The district court again denied his motion without an evidentiary hearing. The court observed the similarity between the two applications and concluded that it was not obliged to entertain successive motions for similar relief on behalf of the same prisoner. This is an appeal from the order denying his second motion.

Appellant has not been represented by counsel at any time in connection with his efforts to obtain postconviction relief. On this appeal, he explains that the reason he withdrew his prior appeal was that at that time "it was a very strict rule in the penitentiary [in which appellant is incarcerated] that inmates were not allowed to assist one another in the preparation of any legal pleadings to the courts" and that, having to act on his own, he felt he needed more time to obtain sufficient knowledge of the law in order to present his appeal in a comprehensive and meritorious manner.

■ The doctrine of res judicata is inapplicable to successive applications for postconviction relief. (Sanders v. United States (1963) 373 U.S. 1, 83 S. Ct. 1068, 10 L.Ed.2d 148; *see also* Gomez v. United States (9th Cir. 1968) 396 F.2d 323.) The sentencing court has discretion to refuse to entertain repetitious motions, but its discretion must be exercised in conformity with the principles stated in Sanders v. United States, *supra*:

"Controlling weight may be given to denial of a prior application for federal habeas corpus or § 2255 relief only if (1) the same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." (373 U.S. at 15, 83 S.Ct. at 1077.)

If either of the first two conditions is not met, "full consideration of the merits of the new application can be avoided only if there has been an abuse of the writ or motion remedy; and this the Government has the burden of pleading." (373 U.S. at 17, 83 S.Ct. at 1078.)

■ The order denying appellant's second application must be reversed because the second and third conditions of *Sanders* were not met.

The first application was denied on two grounds: (1) the allegations were too vague and speculative to warrant relief, and (2) the allegations lacked merit. Assuming, *arguendo*, that the allegations were too vague, the ruling on the first application was "merely a ruling that petitioner's pleading was deficient." (373 U.S. at 19, 83 S.Ct. at 1079.) A determination that the averments were not meritorious cannot be sustained because here, as in *Sanders*, "the 'files and records of the case,' including the transcript, could not 'conclusively show' that

the claim alleged . . . entitled the petitioner to no relief. . . . For the facts on which petitioner's claim . . . is predicated are outside the record." (373 U.S. at 19–20, 83 S.Ct. at 1079.) (*See, also* Machibroda v. United States (1962) 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; Reed v. United States (9th Cir. 1971) 441 F.2d 569; United States v. Tweedy (9th Cir. 1969) 419 F.2d 192; Doyle v. United States (9th Cir. 1964) 336 F.2d 640.)

The district judge did not find that the ends of justice would not be served by reaching the merits of the second application. There was no basis in the record from which that finding could have been made. The averments of the first application were neither too vague nor too conclusory to avoid reaching the merits. (Sanders v. United States, *supra*; Machibroda v. United States, *supra*; Macon v. Craven (9th Cir. 1972) 457 F.2d 342; Reed v. United States, *supra*; United States v. Tweedy, *supra*; Doyle v. United States, *supra*.) Pro se applications are held to "less stringent standards than formal pleadings drafted by lawyers." (Haines v. Kerner (1972) 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652; *cf.* Boyd v. Dutton (1972) 405 U.S. 1, 92 S.Ct. 759, 30 L.Ed.2d 755.)

If the averments were true, appellant was entitled to relief. When "a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration . . ." for the plea, then unless the promise or agreement was fulfilled, the plea is not "voluntary and knowing." (Santobello v. New York (1971) 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427.)

The Government argues that even if the order denying his original application was erroneous, appellant waived his right to an evidentiary hearing upon his claims because he failed to perfect his appeal from the denial of the first application. The argument fails under *Sanders* and *Gomez, supra.*

■ Furthermore, if it be true, as appellant states, that the reason he did not perfect the appeal was his inability to obtain help from his fellow inmates in preparing his papers due to a prison rule forbidding such assistance, no waiver could be implied from his default. (*Cf.* Johnson v. Avery (1969) 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718.)

The record contains no suggestion that appellant has attempted to abuse his postconviction remedies.

The order is reversed, and the cause is remanded for further proceedings consistent with the views herein expressed.