**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Aron Edward DONN,**
**Defendant-Appellant.**

**No. 80–5616.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 1981.

Decided Nov. 19, 1981.

As Amended on Denial of Rehearing
Feb. 22, 1982.

Michael S. Mink, Mink & Alpert, Encino, Cal., for defendant-appellant.

Andrea Sheridan Ordin, U. S. Atty., Nancy Wieben Stock, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

* The Honorable Shiro Kashiwa, Associate Judge, United States Court of Claims, sitting by designation.

Before CHOY and NORRIS, Circuit Judges, and KASHIWA,* Court of Claims Judge.

PER CURIAM:

Aron Edward Donn appeals from a judgment denying his second petition for relief under 28 U.S.C. § 2255. We affirm in part, but reverse and remand for an evidentiary hearing on one of Donn's claims.

I

Facts

Donn pleaded guilty to unarmed bank robbery and was sentenced in January 1979 to eight years' imprisonment. In October 1979 Donn filed a motion pro se pursuant to 28 U.S.C. § 2255 to vacate and correct his sentence. Donn asserted that his sentence was illegal because it was based on false information in the presentence report. Donn also stated that he had not been allowed to read the presentence report at or before sentencing and that he had just learned that the report contained erroneous information.

The district court denied the motion on two grounds: (1) that Donn had failed to state what information in the presentence report was false, and thus the court could not determine whether it had relied on this information in sentencing him; and (2) that because the court was sure it had made a copy of the presentence report available to Donn's counsel, there was no factual basis for Donn's claim that he had not been allowed to see the report.

Donn did not appeal the denial of his § 2255 motion. Six months later, however, Donn wrote to the district court. Donn specifically identified in his letter those aspects of the presentence report that he believed were false and attached documenta-

tion as to why they were false. The letter requested guidance on the procedure for bringing this evidence before the court. It appears from the record that the district court did not respond to, or take any action on, Donn's letter.

Two months later, Donn filed a second pro se § 2255 motion. In this motion, Donn alleged that: (1) he was denied the effective assistance of counsel; (2) the presentence report was incomplete and incorrect; and (3) he was sentenced without having seen the presentence report. In support of the second contention, Donn included copies of the documents he had provided to the court with his letter. Donn stated with respect to his third contention that although the presentence report may have been available to counsel, counsel did not show it to him and Donn did not request to see it because he did not understand its significance.

The court denied the motion, stating that it was based on the "identical grounds" presented in Donn's prior motion and was thus a "successive motion for similar relief" that § 2255 did not require the court to entertain. Donn appeals the denial of his second motion.

## II

### Successive § 2255 Motions

■ The doctrine of res judicata is inapplicable to successive § 2255 motions. *Villarreal v. United States*, 461 F.2d 765, 767 (9th Cir. 1972). The sentencing court has discretion, however, to refuse to entertain a second § 2255 motion if: (1) the second motion presents the same ground determined adversely to the petitioner in the first; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the second motion. *Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963); *Chard v. United States*, 578 F.2d 1317, 1318 (9th Cir. 1978); *see* 28

U.S.C. § 2255. If either of the first two conditions is not met, the district court must fully consider the merits of the new motion unless the petitioner has abused the § 2255 process (for example, by withholding one of two grounds for relief in the first motion in the hope of receiving two hearings). The Government has the burden of pleading such abuse. *Sanders v. United States*, 373 U.S. at 17, 83 S.Ct. at 1078; *Villarreal v. United States*, 461 F.2d at 767.

■ Donn's claim of ineffective assistance of counsel was not raised in his first § 2255 motion, and the Government has made no showing that Donn's failure to raise it was an abuse of the § 2255 process. Thus, the district court erred in rejecting this claim on the ground that it had been raised previously.

■ Donn's other two claims—the falsity of the presentence report and his lack of opportunity to see the report—were raised in the first motion. The claim that he had not been allowed to see the report was rejected on the merits. Fundamental fairness requires that a sentencing court give the defendant an opportunity to see and challenge the presentence report. *See, e. g., United States v. Wolfson*, 634 F.2d 1217, 1221 (9th Cir. 1980); *United States v. Perri*, 513 F.2d 572 (9th Cir. 1975). In denying Donn's first motion, the district court was correct in concluding that it had satisfied this fairness requirement by making a copy of the report available to counsel. *See United States v. Leonard*, 589 F.2d 470, 471–72 (9th Cir. 1979) (quoting Fed.R.Crim.P. 32(c)(3)(A)). Thus, Donn's claim in his second petition that he was not allowed to see the report was properly rejected as repetitive.[1]

■ The claim of false information, however, was not disposed of on the merits in Donn's first motion. In rejecting this claim because of Donn's failure to specify which information in the presentence report was false, the district court stated that the

---

1. Of course, to the extent that Donn's assertion that counsel failed to show him the report goes to Donn's ineffective assistance claim, it was not resolved on the merits and is not foreclosed.

claim "as it presently stands" was without merit. Thus, the denial was merely a ruling that Donn's pleading was deficient and not a ruling on the factual merits of the claim. *See Sanders v. United States,* 373 U.S. at 19, 83 S.Ct. at 1079; *Cancino v. Craven,* 467 F.2d 1243, 1246 (9th Cir. 1972). The district court erred in summarily rejecting Donn's later attempt to correct the deficiency.

## III

### The Merits of Donn's Claims

▪ Even though the district court erred in denying Donn's second motion as a "successive motion for similar relief," the court could have properly denied it without a hearing if the motion, files, and records in the case conclusively showed the motion to be without merit. *See Sanders v. United States,* 373 U.S. at 15, 83 S.Ct. at 1077; *United States v. Hearst,* 638 F.2d 1190, 1194 (9th Cir. 1980), *cert. denied,* 451 U.S. 938, 101 S.Ct. 2018, 68 L.Ed.2d 325 (1981); 28 U.S.C. § 2255. This court must affirm if the district court reached a correct result despite reliance on a wrong ground. *United States v. Best,* 573 F.2d 1095, 1100–01 (9th Cir. 1978).

### A. False Information in the Presentence Report

▪ The Government correctly points out that Donn waived his right to challenge the presentence report because he did not challenge it before sentencing. A defendant waives his right to attack the presentence report through a § 2255 motion when he fails to avail himself of an opportunity to do so contemporaneously or on direct appeal. *See Brown v. United States,* 610 F.2d 672, 675–76 (9th Cir. 1980); *United States v. Leonard,* 589 F.2d 470 (9th Cir. 1979); *Farrow v. United States,* 580 F.2d 1339, 1358 (9th Cir. 1978) (en banc). Apparently, Donn's former counsel did not challenge the report at or before sentencing. Although this omission by his lawyer defeats Donn's false information claim, it may strengthen Donn's claim of ineffective assistance. Donn asserts that he did not challenge the report before sentencing because his lawyer did not show it to him and Donn did not understand its importance. This assertion supports Donn's claim of ineffective assistance if the presentence report contained materially false information that was relied on in sentencing. *See Farrow v. United States,* 580 F.2d at 1359.

### B. Ineffective Assistance of Counsel

▪ To demonstrate ineffective assistance,[2] a criminal defense counsel's errors or omissions: (1) must be ones a reasonably competent and diligent criminal defense lawyer would not have made; and (2) must have prejudiced the defendant. *Cooper v. Fitzharris,* 586 F.2d 1325 (9th Cir. 1978) (en banc), *cert. denied,* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979). The alleged ineffective assistance of Donn's counsel consisted in not fully discussing the merits of Donn's case with him, not investigating the case, not informing Donn that intoxication might be a defense,[3] and not showing Donn a copy of the presentence report containing false information. These allegations are not clearly without merit. In particular, a defense counsel's failure to show his client the presentence report may fall below the standard of reasonably competent representation.

Donn alleges that the presentence report was inaccurate because it stated: (1) that he was unemployed before his conviction; (2) that he did not finish high school be-

---

**2.** We note that the issue of ineffective assistance of counsel is not raised in the brief prepared for Donn by the counsel whom this court appointed to represent him on appeal. In his motion for appointment of counsel, however, Donn specifically requested help in presenting this argument. We will not prejudice Donn because of his appointed counsel's failure to raise the argument that we appointed him to raise.

**3.** Donn alleges that he was under the influence of alcohol and "angel dust" when he robbed the bank.

cause of bad citizenship grades; and (3) that a prior conviction for burglary "was consolidated" with a drug possession charge when in fact the drug charge had been dismissed. Although a copy of the presentence report is not included in the record, the Government does not deny that the report contained these three statements.

To refute these statements, Donn supplied: (1) a letter and time sheet from Victor Temporary Services (VTS) showing that VTS employed him on a number of temporary jobs from May 9, 1978 through October 15, 1978; (2) a transcript of his high school record from the Youth Authority showing that he had graduated; and (3) a copy of a California superior court docket sheet showing that he was convicted of burglary in 1972. The Government argues that Donn's documentation does not conclusively prove the presentence report false. For example, the Government contends that because the California docket sheet does not mention any drug charge, it is possible that a drug charge could have been consolidated with the burglary charge.

█ The Government misconstrues the standard for determining when a § 2255 motion can be denied without an evidentiary hearing. Apparently, the Government believes that Donn must conclusively prove the presentence report false in order to obtain a hearing on whether it was false. The standard, however, is whether the record conclusively shows Donn's motion to be without merit. *Sanders v. United States*, 373 U.S. at 15, 83 S.Ct. at 1077. In other words, Donn must have made reasonably plausible factual allegations that state a claim on which relief could be granted. *See United States v. Hearst*, 638 F.2d at 1194–95. Donn's specific allegations and supporting documentation suggest, at the very least, that the presentence report was misleading. If Donn's allegation that the sentencing court relied on the challenged information is also reasonably plausible, he is entitled to an evidentiary hearing.

. The record does not disclose the factors the district court relied on in sentencing Donn.[4] Although the sentencing court may not have attached much importance to the information regarding Donn's employment and high school record, it seems unlikely that the court would have ignored a prior drug conviction. Because Donn has raised doubt about whether he was actually convicted of the drug charge, we conclude that the record does not conclusively show that he is entitled to no relief on his claim that ineffective assistance of counsel caused him to lose his opportunity to challenge false information in the presentence report.

Thus, the merits of Donn's allegations of ineffective assistance depend on a factual determination of events that transpired between Donn and his lawyer. The district court has made no such factual determination; indeed, it has not even acknowledged that Donn raised the ineffective assistance issue. Therefore, the case must be remanded for an evidentiary hearing on Donn's claim of ineffective assistance of counsel.

The judgment is affirmed as to Donn's claims of false information in sentencing and inability to see the presentence report before sentencing. As to the claim of ineffective assistance of counsel, the judgment is reversed and the case remanded for an evidentiary hearing.

---

4. It is for precisely this reason that we do not apply the rule of *Farrow v. United States*, 580 F.2d at 1359, giving the petitioner the burden of showing that the sentencing court relied on the challenged information. Although the petitioner should have this burden when there is either a record of the sentencing hearing, *see, e. g.,* *Gelfuso v. Bell*, 590 F.2d 754, 756 (9th Cir. 1978), or a later finding by the sentencing court based on its recollection of the sentencing proceedings, the petitioner cannot fairly be expected to show reliance on the allegedly false information when there is no record of what factors the sentencing court relied on.