UNITED STATES of America, Plaintiff,

v.

Aron Edward DONN, Defendant.

Nos. CV 80–2729–AAH, CR 78–1028–AAH.

United States District Court, C.D. California.

Feb. 9, 1982.

See also 584 F.Supp. 525.

John D. Robertson, Los Angeles, Cal., for plaintiff.

Michael S. Mink, Encino, Cal., for defendant.

EVIDENTIARY HEARING PURSUANT TO DECISION AND MANDATE OF COURT OF APPEALS, NINTH CIRCUIT, CASE NO. 80–5616, DATED NOVEMBER 19, 1981; FINDINGS OF FACT AND CONCLUSIONS OF LAW; ORDER THAT DEFENDANT RECEIVED EFFECTIVE AND MORE THAN ADEQUATE ASSISTANCE OF COUNSEL, AND THAT DISTRICT COURT JUDGMENT HEREIN OF JANUARY 15, 1979, VACATED BY SAID DECISION AND MANDATE OF COURT OF APPEALS, NINTH CIRCUIT, IS HEREBY REINSTATED IN TOTO BY REASON OF AFORESAID EVIDENTIARY HEARING, FINDINGS AND CONCLUSIONS

HAUK, Chief Judge.

An evidentiary hearing was held today, January 25, 1982, pursuant to decision and mandate of Court of Appeals, Ninth Circuit, Case No. 80–5616, dated November 19, 1981, 661 F.2d 820 (9th Cir.1981) wherein witnesses were called and exhibits marked and admitted into evidence. See "List of Exhibits and Witnesses" attached hereto and incorporated herein. After the evidentiary hearing, and the Court being fully informed of all the facts and advised as to the applicable law, and good cause appearing, the Court makes and enters the following findings of fact and conclusions of law:

FINDINGS OF FACT

1. *Assistance by Defendant's Counsel At Trial and Plea of Guilty, December 19, 1978.*

As to the alleged ineffective assistance of defendant's counsel, Attorney Jan L. Handzlik, Esq., in not fully discussing the merits of defendant Donn's case with him, not investigating the case, and not informing Donn that intoxication might be a defense, the Court finds that these allegations are clearly without merit; that attorney Handzlik acted diligently and competently at all times in defendant Donn's behalf, both before and during the trial before defendant decided to plead guilty, as well as during all proceedings involving the guilty plea; that he fully investigated all the circumstances of the defendant's activities relating to the charge of bank robbery, including the possibility of an intoxication defense, and had numerous discussions

with Mr. Donn concerning every aspect of the case, including defendant's activities during the bank robbery and the possible defense of intoxication, involving at least three, and possibly four discussions with defendant for at least three hours, as well as eight hours of investigation, conferences with the Assistant U.S. Attorney on the case, research and Court appearances, all as appears in full detail in the transcript of this evidentiary hearing, which transcript is hereby incorporated herein as though fully set forth and is adopted and will be signed by the Court as additional findings and conclusions. As a direct result of these discussions with defendant, and the efforts of his attorney Handzlik, and after jury trial had been started and the Court had ruled that defendant's confession to the F.B.I. was properly admissible, defendant and his counsel on December 19, 1978, moved for change of plea from not guilty to guilty, the Court declared a mistrial and dismissed the jury. Whereupon the Court carefully and punctiliously addressed the defendant personally in open Court and, from the defendant's replies under oath and in his own words, determined that the guilty plea was freely and voluntarily made with a sworn admission of the complete factual bases for the guilty plea. See the attached evidentiary hearing transcript, wherein the Court Reporter's notes of the guilty plea hearing were read verbatim, which conclusively and beyond any peradventure of a doubt shows that Attorney Handzlik and the Court meticulously followed the procedures and made the determinations required under Rule 11, F.R. Crim.P.

2. *Assistance of Defendant's Counsel At Sentencing, January 15, 1979.*

As to the alleged ineffective assistance of defendant's counsel, Attorney Jan L. Handzlik, in allegedly not showing defendant Donn a copy of the Presentence Report, or in allegedly not affording Mr. Donn the opportunity to challenge any alleged inaccuracies or misleading information in the Presentence Report, the Court finds:

(a) The Presentence Report was in fact shown to defendant Donn by his counsel, Handzlik, prior to the sentencing;

(b) Defendant Donn in fact had an opportunity to read, and did read the Presentence Report when shown to him by his counsel, Handzlik;

(c) Defendant Donn did not inform his counsel of any inaccuracies, falsehoods, or misleading statements contained in the Presentence Report;

(d) Attorney Handzlik properly and competently represented defendant Donn throughout the sentencing proceedings, having fully informed defendant Donn of the nature of the proceedings, having discussed all ramifications thereof with him, and having fully and effectively taken full advantage of the opportunity afforded him by the Court to speak on behalf of defendant. The Court also addressed the defendant personally to ask if he wished to make a statement and present any information in mitigation of punishment.

All of the requirements of Rule 32, F.R. Crim.P. were most carefully observed and complied with. See the transcript of the sentencing hearing of January 15, 1979, Exhibit 10 to the transcript of this evidentiary hearing and incorporated herein as though fully set forth.

The Court finds further, as a result of this evidentiary hearing today, that:

(a) There was no intent on behalf of the Probation Officer to mislead the Court as to the information contained in the Presentence Report, or to present any falsehoods or inaccuracies therein;

(b) In sentencing defendant Donn this Court did not rely on whether or not

defendant Donn had finished High School, or if not, why not; nor did this Court rely on whether or not defendant Donn was employed before his plea of guilty and conviction; nor did this Court rely upon whether or not defendant Donn had a prior drug conviction. The record is clear from the transcript of the sentencing proceedings, said Exhibit 10 to the transcript of this evidentiary hearing, that in fact this Court relied solely and only upon the plea of guilty and conviction of bank robbery for which the defendant was then being sentenced, together with his prior non-violent convictions for burglary. This Court told counsel so at the time of sentencing, and emphasized the Court's sole reliance on the admitted bank robbery herein and prior admitted burglaries set forth in the Presentence Report.

3. *Post-Sentencing Assistance of Defendant's Counsel, January 15, 1979, through May 29, 1979.*

As to any question which may remain regarding the effectiveness of defendant's counsel, Handzlik, this Court finds that Mr. Handzlik continued not only fully and competently to represent defendant Donn after the sentencing, but assisted this defendant way above and beyond the call of duty. Mr. Handzlik not only assisted defendant Donn with his post sentencing motions, including a hearing before this Court, without payment or reimbursement of any kind either from the defendant or under the Criminal Justice Act, or otherwise. He also accepted four collect long-distance telephone calls on various occasions from this defendant, as well as phone calls from members of his family, again without receiving reimbursement of any kind. This free and voluntary assistance to defendant Donn by Attorney Handzlik is carefully and clearly detailed in the transcript of this evidentiary hearing, which has been incorporated into these findings and made a part hereof.

## CONCLUSIONS OF LAW

Based on the aforesaid findings of facts, this Court now concludes as matters of law that:

(1) Defendant Donn not only had effective assistance of counsel, but he had exceptional and extraordinary assistance of counsel rendered to him by Mr. Handzlik throughout and incident to all proceedings involving defendant Donn in this Court.

(2) This Court having obviously not relied on any inaccuracies or misleading statements or falsehoods in the Presentence Report, as claimed by the defendant Donn, the sentencing and judgment are untainted and there are no grounds for granting this defendant's § 2255 Motion.

(3) This Court must order that the Judgment heretofore entered herein on January 15, 1979, and vacated by the Court of Appeals in its Decision and Mandate dated November 19, 1981, be reinstated in toto as of the date of said Judgment, January 15, 1979.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Judgment of this Court for the Central District of California, CR 78–1028–AAH, heretofore entered herein on January 15, 1979, which was vacated by the Decision and Mandate of the Court of Appeals, Ninth Circuit, on November 19, 1981, No. 80–5616, be and the same hereby is reinstated in toto as of the date of said District Court Judgment, January 15, 1979.