915 F.2d 1582
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence D. WILSON, Defendant-Appellant.
 No. 89-35841.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1990.*
Decided Oct. 11, 1990.
 MEMORANDUM**
 Before FLETCHER, FERGUSON and FERNANDEZ, Circuit Judges.
 
 
 1
 Lawrence Doby Wilson ("Wilson") appeals the district court's dismissal of his third and fourth 28 U.S.C. Sec. 2255 petitions as successive. Wilson also challenges the court's denial of his motion for summary judgment. We affirm.
 
 BACKGROUND FACTS
 
 2
 Wilson was involved in a financing scheme related to the purchase of the Aladdin Hotel in Las Vegas. As a result, Wilson was indicted for wire fraud, mail fraud, and interstate transportation of money taken by fraud. He pled not guilty to all three charges. He was then provided court-appointed counsel to prepare a defense against the charges.
 
 
 3
 The first count, wire fraud, was dismissed by the government. A jury trial was then conducted on the remaining counts. The jury convicted Wilson on the third count, interstate transportation of money taken by fraud, and acquitted him on the second count, mail fraud. Wilson was sentenced to seven years. He appealed. We affirmed the sentence on appeal.
 
 
 4
 Wilson subsequently filed two section 2255 petitions on July 19, 1982 and March 8, 1983. On December 19 and 23, 1983, and January 18, 1984, evidentiary hearings were held on Wilson's petitions. On July 24, 1984, the magistrate issued a recommendation for dismissal of both petitions. On September 17, 1984, Wilson filed an untimely notice to reject the magistrate's findings and to appoint an impartial judge to review the entire record. On November 13, 1984, the district court adopted the findings of the magistrate and dismissed the petitions. On December 14, 1984, Wilson filed a notice of appeal. On June 8, 1987, we affirmed the dismissal of the petitions. The issues raised in those petitions were denial of access to grand jury ministerial records to prove irregularity in the jury selection process; ineffective assistance of appellate and trial counsel; unconstitutional enhancement of sentence based upon a prior Pennsylvania decision; denial of the right to review transcripts and negligent destruction of hearing exhibits; refusal of the court to subpoena the prosecutor because of lack of evidence that the prosecutor perjured herself at trial; and refusal of the judge to recuse himself for bias.
 
 
 5
 On December 21, 1987, Wilson filed a third section 2255 petition with the district court. On February 2, 1988, he filed a fourth petition with the District Court in the Southern District of New York.[1] These petitions were subsequently consolidated in the District of Oregon.
 
 
 6
 Wilson moved for summary judgment on the petitions on March 6, 1988. The government responded, objected to Wilson's filing of a summary judgment motion, and argued that the petitions should be dismissed as successive. The issues raised in these proceedings were: denial of access to grand jury ministerial records to prove irregularity in the jury selection process; ineffective assistance of appellate counsel; denial of the right to review transcripts; and use of perjured testimony of the prosecutor.
 
 
 7
 On June 9, 1988, the Magistrate recommended dismissal of both of Wilson's petitions. The district court adopted the Magistrate's findings, dismissed the petitions, and denied Wilson's motion for summary judgment. Wilson filed a timely notice of appeal.
 
 JURISDICTION AND STANDARD OF REVIEW
 
 8
 The district court had jurisdiction pursuant to 28 U.S.C. Sec. 2255. We have jurisdiction pursuant to 28 U.S.C. Secs. 1291 and 1294.
 
 
 9
 We review de novo the district court's denial of the section 2255 motion, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and its denial of the motion for summary judgment. West Coast Theatre Corp. v. City of Portland, 897 F.2d 1519, 1525 (9th Cir.1990).
 
 DISCUSSION
 
 10
 Wilson contends that the court improperly dismissed his petitions as successive. We disagree. A section 2255 motion is successive if: "1) the second motion presents the same ground determined adversely to the petitioner in the first, 2) the prior determination was on the merits, and 3) the ends of justice would not be served by reaching the merits of the second motion." United States v. Mathews, 833 F.2d 161, 164-65 (9th Cir.1987) (quoting United States v. Donn, 661 F.2d 820, 823 (9th Cir.1981) (per curiam)).
 
 
 11
 In our review of the district court's dismissal of Wilson's prior petitions we considered the merits of all of Wilson's present claims and rejected those claims. Wilson has shown nothing to indicate that the interests of justice would be served by having us reexamine those issues. Wilson has already had a full opportunity to present his claims to the district court and to this court. No purpose other than harassment can be served by his repeated attempts to obtain a decision more congenial to his way of thinking. If he persists in that course of conduct, we will not hesitate to impose appropriate sanctions upon him. See 28 U.S.C. Sec. 1912; Fed.R.App.P. 38.
 
 
 12
 Therefore, the district court properly dismissed these petitions as successive and denied Wilson's motion for summary judgment.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although Wilson actually denominated these claims as claims of outrageous government conduct and denial of due process, they were, in substance, nothing more than a repeat performance of Wilson's claims in his first two petitions