979 F.2d 857
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald L. WHITE, Petitioner/Appellant,
v.
Jack MCCORMICK, Warden, Montana State Prison, Respondent/Appellee.
 No. 91-35756.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 5, 1992.*
Decided Nov. 19, 1992.
 
 Before D.W. NELSON, REINHARDT and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In 1979 Ronald L. White pleaded guilty in Montana state court to aggravated kidnapping and was sentenced to 75 years in prison. Pursuant to the plea bargain agreement, an additional charge of deliberate homicide was dropped.
 
 
 3
 White subsequently filed a habeas corpus petition in the district court pursuant to 28 U.S.C. § 2254 alleging that his guilty plea was involuntary and that he received ineffective assistance of counsel. The district court granted respondent's motion for summary judgment. On appeal, we reversed and remanded the cause to the district court for an evidentiary hearing. On remand, the magistrate judge to whom this case was referred refused to allow White to introduce evidence relating to his alleged mistreatment while in jail prior to his plea. Following the hearing, the district court entered judgment in favor of the respondent. We now affirm the district court's rejection of White's ineffective assistance of counsel claim but remand for an evidentiary hearing on the issue of whether the alleged threats and beatings to which White claims he was subjected affected the voluntariness of his guilty plea.
 
 I. Involuntary Guilty Plea
 
 4
 To comport with the guarantees of due process, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). A court can determine whether a defendant's guilty plea was voluntary only by considering all of the relevant circumstances surrounding it. Brady v. United States, 397 U.S. 742, 749 (1970). A guilty plea which was induced by promises or threats that deprive it of its voluntariness is void. Machibroda v. United States, 368 U.S. 487, 493 (1962). White alleges that he and his codefendant were beaten several times after they were arrested by Idaho authorities. White claims that after his extradition to Montana jail officials refused to allow him to see a doctor, harassed him, and threatened him with physical harm if he did not plead guilty. In short, he contends that he pleaded guilty only because of threats and mistreatment by these jail officials.
 
 
 5
 The magistrate judge determined that he was required to exclude this issue from the evidentiary hearing by the last footnote in our earlier disposition in this case. See No. 89-35083 (9th Cir. Mar. 29, 1990) (unpublished disposition). Our footnote understandably led the magistrate judge to believe that he should not consider the mistreatment issue. Its text strongly suggested that federal habeas relief was unavailable in that regard. However, we ended our footnote with a citation to Mitchell v. Superior Court for the County of Santa Clara, 632 F.2d 767, 769 (9th Cir.1980), cert. denied, 451 U.S. 940 (1981). Mitchell recognizes that an attack upon the voluntariness of a guilty plea is an exception to the general prohibition against raising pre-plea constitutional claims. 632 F.2d at 770. White argues that his mistreatment affected the voluntariness of his guilty plea. His allegations that beatings and threats rendered his guilty plea involuntary fall squarely under Mitchell and should be explored in an evidentiary hearing under the authority of that case. Therefore, notwithstanding the confusion created by our earlier disposition, we hold that the issue is not foreclosed and remand so that the district court may determine whether White's allegations of mistreatment have merit and whether they rendered his plea involuntary.[1]
 
 II. Ineffective Assistance of Counsel
 
 6
 White contends that he received ineffective assistance of counsel from his court-appointed attorney, Eugene Atherton. In order to succeed on a claim of ineffective assistance of counsel, an individual must demonstrate first that counsel's conduct was deficient, and second that the deficiency was to the defendant's prejudice. Strickland v. Washington, 466 U.S. 668, 690-92 (1984).
 
 
 7
 A defense counsel's failure to show his client a presentence report may constitute ineffective assistance of counsel. United States v. Donn, 661 F.2d 820, 824 (9th Cir.1981). Apparently, White was not given a copy of his presentence report until his sentencing hearing. White disputes the magistrate judge's determination that he had an adequate opportunity to read the presentence report before sentence was imposed. However, we need not decide whether White had a constitutionally adequate opportunity to view the report because White fails to allege that he suffered any prejudice from his counsel's failure to show him the report before the hearing. Thus, White has not met the second prong of the Strickland standard.
 
 
 8
 White also argues that Atherton failed to present any significant witnesses or evidence on White's behalf at the time of sentencing. White raises this issue for the first time in this appeal. As a general rule, this court does not consider issues raised for the first time on appeal. United States v. Mondello, 927 F.2d 1463, 1468 (9th Cir.1991). In any event, the transcript of White's sentencing hearing shows that Atherton called both White and his codefendant as witnesses. Also, White does not assert that any other relevant evidence or witnesses were available at the time of sentencing. Therefore, we reject this claim of ineffective assistance of counsel as well.[2]
 
 
 9
 Finally, White argues that the magistrate judge should not have relied upon the sentencing court's questioning as to whether White was satisfied with Atherton's service. White claims that he answered the court's questions in the affirmative only because, at the time, he believed that he would receive a forty year sentence. However, the magistrate judge found that Atherton did not promise White such a sentence. Thus, White has not alleged facts sufficient to overcome the presumption that his in-court statements concerning his satisfaction with his attorney's performance are reliable. See Blackledge v. Allison, 431 U.S. 63 (1977).
 
 AFFIRMED IN PART AND REMANDED IN PART
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 White also argues that his guilty plea was not knowing and voluntary because his counsel assured him that he would receive a forty year prison sentence if he pleaded guilty. However, the district court found that White's counsel never promised White such a sentence. The district court's finding is not clearly erroneous and, therefore, we reject White's argument
 
 
 [2]
 White also argues that his counsel's performance was ineffective because he received virtually nothing in exchange for his plea agreement. However, the pre-trial agreement shows that the county attorney agreed both to move to dismiss the murder charge pending against White and to refrain from requesting the death penalty. Therefore, White's contention is meritless