12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Respondent-Appellee,
v.
Wilbert GOMEZ, Petitioner-Appellant.
 No. 93-55528.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 6, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wilbert Gomez, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside, or correct his sentence. Gomez also appeals the district court's denial of his motion for reconsideration. Gomez was convicted of possession of cocaine with intent to distribute, and conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, United States v. Johnson, 988 F.2d 941, 943 (9th Cir.1993), and affirm.
 
 
 3
 Gomez contends that the district court erred in imposing a term of supervised release of thirty years because the maximum term allowed by statute is five years. This contention lacks merit.
 
 
 4
 In 1986, Congress enacted the Anti-Drug Abuse Act of 1986 (ADAA), which amended the penalties for persons sentenced under the Controlled Substances Act. See Pub.L. 99-570, Sec. 1002, 1986 U.S.C.C.A.N. (100 Stat.) 100 Stat. 3207, 3207-2 to 3207-4 (codified at 21 U.S.C. Sec. 841(b)). The ADAA replaced the "special parole term" with a "term of supervised release" for narcotic offenses committed pursuant to 21 U.S.C. Secs. 841(b)(1)(A), (B) and (C). Gozlon-Peretz v. United States, 111 S.Ct. 840, 845-846 (1991). The supervised release provisions of the ADAA became effective on October 27, 1986, the date of the ADAA's enactment. Id., 111 S.Ct. at 849. Although the ADAA requires the imposition of a minimum term of supervised release, the statute contains no maximum term of supervised release. United States v. Anderson, 970 F.2d 602, 605 (9th Cir.1992), amended, 990 F.2d 1163 (9th Cir.1993).[1]
 
 
 5
 The government charged Gomez with a narcotics offense which occurred on April 15, 1987. On August 10, 1987, the district court entered judgment and sentenced Gomez to eighteen years imprisonment and a special parole term of thirty years. On November 16, 1990, the district court amended the judgment by replacing the special parole term with a term of supervised release. On September 10, 1990, Gomez filed his Sec. 2255 motion. The district court denied the motion without addressing the merits, because it held that Gomez's sentence contained a special parole term instead of a term of supervised release. In so doing, the district court erred, because the court had previously amended Gomez's sentence to replace the special parole term with a term of supervised release. Nevertheless, we affirm because the district court reached the correct result. See United States v. Donn, 661 F.2d 820, 824 (9th Cir.1981) (holding that appellate court must affirm district court's denial of Sec. 2255 motion if correct result reached despite reliance on wrong ground).
 
 
 6
 Here, Gomez was convicted under 21 U.S.C. Sec. 841(a)(1) for a narcotics offense which occurred on April 15, 1987. Gomez was subject to the penalties of 21 U.S.C. Sec. 841(b)(1)(A).[2] Therefore, the supervised release provisions of the ADAA applied to Gomez. See Gozlon-Peretz, 111 S.Ct. at 849 (ADAA provisions apply to those narcotic offenses committed pursuant to 21 U.S.C. Secs. 841(b)(1)(A), (B) and C), between October 27, 1986 and November 1, 1987).
 
 
 7
 The ADAA required the district court to impose a minimum term of supervised release of five years. See 21 U.S.C. Sec. 841(b)(1)(A) (1988 & Supp.1991). The statute, however, did not impose any limitation on the maximum term of supervised release. See id.; Anderson, 970 F.2d at 605. Accordingly, the district court did not err in sentencing Gomez to a term of supervised release of thirty years. See id.[3]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 21 U.S.C. Sec. 841(b)(1)(A) provides in relevant part:
 Any sentence under this subparagraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 5 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment.
 21 U.S.C. Sec. 841(b)(1)(A) (1988 & Supp.1991).
 
 
 [2]
 Gomez was charged with knowing and intentional possession with intent to distribute approximately 49.9 kilograms of cocaine. See 21 U.S.C. Sec. 841(b)(1)(A)(ii)(II)
 
 
 [3]
 Gomez argues that 18 U.S.C. Sec. 3583(b) imposes a maximum term of supervised release of five years. However, this statute was part of the Sentencing Reform Act of 1984, and did not become effective until November 1, 1987. See 18 U.S.C. Sec. 3583 effective date note (1988). Since Gomez committed the underlying offense on April 1, 1987, this statute does not apply to him. See 18 U.S.C. Sec. 3583(b) (1988); Gozlon-Peretz, 111 S.Ct. at 844-845