42 F.3d 1404
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Randel SALYARDS, Defendant-Appellant.
 No. 94-35293.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 11, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James Randel Salyards, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion challenging his sentence. Salyards was convicted following entry of guilty pleas to conspiracy to distribute and distribution of cocaine in violation of 21 U.S.C. Secs. 841(a)(1), 846. Salyards contends the sentencing court erred by making a two-level upward adjustment in his offense level based upon its finding that he was an organizer or manager in the offense of conviction. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we affirm.
 
 
 3
 The government, citing United States v. Johnson, 988 F.2d 941 (9th Cir.1993), contends that Salyards waived his right to raise this issue by way of a section 2255 motion because he failed to raise it in his direct appeal. In Johnson, we held that "[i]f a criminal defendant could have raised a claim of error on direct appeal but nonetheless failed to do so, he must demonstrate both cause excusing his procedural default, and actual prejudice resulting from the claim of error." Id. at 945.
 
 
 4
 On its face, this statement of law appears to conflict with other precedent in this circuit which indicates that a defendant who raises a specific challenge to his sentence at either the sentencing hearing or on direct appeal preserves his right to bring that same claim by way of a section 2255 motion. See, e.g., United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990) (appellant who did not contest the accuracy of the presentence report prior to filing section 2255 motion waived right to raise the issue through a section 2255 motion); United States v. Donn, 661 F.2d 820, 824 (9th Cir.1981) ("A defendant waives his right to attack the presentence report through a Sec. 2255 motion when he fails to avail himself of an opportunity to do so contemporaneously or on direct appeal.").
 
 
 5
 We need not address this potential conflict, however, because we conclude that Salyards would not prevail on the merits of his claim.
 
 
 6
 Pursuant to U.S.S.G. Sec. 3B1.1(c), Salyards merited a two-level increase in his offense level if he was an "organizer, leader, manager, or supervisor" in the relevant criminal activity. See U.S.S.G. Sec. 3B1.1(c). The district court's determination that Salyards was an "organizer, leader, manager, or supervisor" is a question of fact reviewed for clear error. See United States v. Hoac, 990 F.2d 1099, 1110 (9th Cir.1993), cert. denied, 114 S.Ct. 1075 (1994). Circumstances justifying an increase from the base offense level must be proven by a preponderance of the evidence. United States v. Wilson, 900 F.2d 1350, 1354 (9th Cir.1990).
 
 
 7
 A defendant who coordinates the procurement and distribution of drugs is properly considered an organizer or leader pursuant to section 3B1.1. United States v. Avila, 905 F.2d 295, 298-99 (9th Cir.1990). Likewise, a defendant who supplies drugs to codefendants for distribution may qualify for the adjustment. United States v. Smith, 924 F.2d 889, 895-96 (9th Cir.1991). The defendant need not have personally supervised each participant to be an "organizer or leader," id. at 896, and there can be more than one leader or organizer in a drug conspiracy, United States v. Monroe, 943 F.2d 1007, 1019 (9th Cir.1991), cert. denied, 112 S.Ct. 1585 (1992).
 
 
 8
 Here, Salyards told law enforcement officials that he had grossed approximately $400,000 per year from sales of cocaine in Montana. He procured his cocaine from two different sources in California, transported it to Montana, and distributed it to a number of buyers. In this distribution endeavor, he utilized several "gophers" in Montana who would pick up and deliver the cocaine to his buyers.
 
 
 9
 Despite Salyards' argument that these "gophers" in fact worked for his buyers, and not himself, the evidence is sufficient to conclude otherwise. Furthermore, the evidence is clear that he coordinated the procurement and distribution of the cocaine which passed through his hands. Accordingly, the sentencing court did not clearly err by finding that Salyards was an "organizer or leader" in the criminal enterprise. See Avila, 905 F.2d at 299.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3