78 F.3d 595
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jack Jarvis BRYAN, Defendant-Appellant.
 No. 95-15236.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 16, 1996.
Decided Feb. 28, 1996.
 
 Before: SCHROEDER, D.W. NELSON, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Jack Jarvis Bryan appeals the district court's denial of his motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. He argues that he was denied his right to due process because the sentencing court did not hold a full evidentiary hearing to address his objections to his presentence report ("PSR") or make separate findings of fact on each of his objections to his PSR. He further alleges that his right to due process was violated because the government did not abide by its plea bargain agreement with him. Finally, he asserts that he was denied effective assistance of counsel in violation of his Sixth Amendment right to counsel. We have jurisdiction under 28 U.S.C. §§ 2253 and 2255. We affirm.
 
 Objections to PSR
 
 3
 Bryan asserts that he was denied due process because the district court that sentenced him did not give him the opportunity to refute factual inaccuracies in the PSR and did not make specific findings of fact for each of his objections to the PSR, as is required under Fed.R.Crim.P. 32. As a result, he argues, the court relied upon inaccurate information when it imposed the maximum possible sentence of ten years for the two counts to which he pled guilty.
 
 
 4
 Because Bryan voluntarily dismissed his direct appeal in this case, it is likely that he waived his claim that the sentencing court relied on inaccurate information. This court has held that "nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255." United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994); see also United States v. Donn, 661 F.2d 820, 824 (9th Cir.1981) (holding in a pre-sentencing guidelines case that "a defendant waives his right to attack the presentence report through a § 2255 motion when he fails to avail himself of an opportunity to do so contemporaneously or on direct appeal"). In Schlesinger, the court held that a § 2255 petitioner had waived his right to raise an objection asserting that the district court had failed to resolve factual disputes at sentencing as is required by Fed.R.Crim.P. 32(c)(3)(D) because he did not raise the issue on direct appeal. 49 F.3d at 485.
 
 
 5
 Bryan, like the petitioner in Schlesinger, could have raised the issue concerning the sentencing court's alleged Rule 32 violation on direct appeal but chose not to do so. Instead, he voluntarily dismissed his direct appeal in order to seek relief under 28 U.S.C. § 2255. In contrast to Schlesinger, however, Bryan argues that the sentencing court's violations of Fed.R.Crim.Pro. 32 rise to the level of constitutional error. The court made clear in Schlesinger that it would have treated the petitioner's claim differently if it had alleged constitutional error. Id. Thus, even though the facts of Schlesinger are very similar to this case, it is possible that Bryan did not waive his claim by failing to raise it in a direct appeal. It is not necessary for us to reach this question, however, because Bryan's claim lacks merit.
 
 
 6
 "A sentence will be vacated on appeal if the challenged information is (1) false or unreliable, and (2) demonstrably made the basis for the sentence." Farrow v. United States, 580 F.2d 1339, 1359 (9th Cir.1978). Here, the challenged information was not "demonstrably the basis for the sentence." On the contrary, the record demonstrates that the judge based his sentence on his specific finding that the defendant was the major instigator of the criminal enterprise. There was ample evidence in the record to which no objection was made supporting this finding. The judge also took into account the fact that the defendant was a fugitive from justice. Moreover, after considering Bryan's objections, the judge agreed to disregard a number of facts in the PSR that Bryan alleged were inaccurate. Thus, the Rule 32 violations that Bryan alleges do not warrant relief under § 2255.
 
 Violation of Plea Bargain Agreement
 
 7
 Bryan argues that the government violated its plea bargain agreement with him, thereby depriving him of liberty without due process. He asserts that the government promised to recommend a three-year sentence for each of the two counts to which he pled guilty, to run concurrently, but instead made no recommendation as to his sentence. We review for clear error the factual findings of the district court with respect to the intent of the parties to a plea bargain agreement. United States v. Krasn, 614 F.2d 1229, 1233 (9th Cir.1980).
 
 
 8
 In the plea bargain agreement, the prosecution agreed "not to recommend consecutive terms of incarceration as to the two counts, and ... not [to] recommend a term of incarceration exceeding three years as to either count." The prosecution did not agree, as Bryan asserts, to recommend a three-year term for each count. Thus, the district court did not err in finding that the prosecution complied with the plain language of the agreement by making no recommendation at all as to Bryan's sentence.
 
 Ineffective Assistance of Counsel
 
 9
 Finally, Bryan alleges that he was denied effective assistance of counsel in violation of the Sixth Amendment. We reject this claim because Bryan fails to demonstrate that he has been prejudiced in any way by the deficiencies of counsel that he asserts. A defendant must establish both that counsel's performance was deficient and that prejudice resulted from the deficient performance in order to demonstrate that his right to effective assistance of counsel under the Sixth Amendment has been violated. Strickland v. Washington, 466 U.S. 668, 700 (1984).
 
 
 10
 Therefore, we AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3