82 F.3d 417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ira Joe AVERY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-3196.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before: KENNEDY and COLE, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 This is an appeal from a judgment denying a motion to vacate sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1992, Ira Joe Avery was convicted after a guilty plea of conspiracy to possess and distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A), and received an 87 month term of imprisonment. Avery did not take a direct appeal from this conviction.
 
 
 4
 In 1994, Avery filed a motion to vacate sentence in which he challenged the constitutionality of his conviction and sentence. The government responded and the district court ultimately denied the motion without conducting an evidentiary hearing. This appeal followed. The parties have briefed the issues; Avery is proceeding without benefit of counsel.
 
 
 5
 This court renders de novo review of decisions granting or denying relief under 28 U.S.C. § 2255, and reviews a district court's findings of fact for clear error. Cardinal v. United States, 954 F.2d 359, 362 (6th Cir.1992). An examination of the record and law reflects that the district court did not err in summarily denying the motion and that the grounds raised do not present a fundamental defect in the proceedings that resulted in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993).
 
 
 6
 In 1991, Avery was originally indicted along with six others in connection with a cocaine distribution conspiracy. Avery eventually entered into a plea agreement pursuant to Fed.R.Crim.P. 11(e)(1)(B). This comprehensive agreement contained at least three items of importance to this appeal. First, the parties agreed that, for guideline sentencing purposes, the quantity of drugs involved in the conspiracy attributable to Avery was 2,000 grams of cocaine. The parties also agreed that the guideline sentencing range should be 78-97 months and that the appropriate sentence should be 96 months. Finally, Avery expressly agreed to waive his right to a direct appeal. All parties, including Avery, signed the agreement.
 
 
 7
 Avery subsequently appeared in open court along with three of his co-defendants to formally enter his plea and affirm the terms of the plea agreement. The district court proceeded to engage the defendants, individually and together, in a general discussion of the crime to which they were pleading as well as the colloquy required by Fed.R.Crim.P. 11. The court elicited from the government the admission that, even if the defendants took a direct appeal from the conviction and sentence, the government would be bound by the terms of the agreement. The court ultimately accepted Avery's plea and that of his three co-defendants.
 
 
 8
 The court sentenced Avery in a separate proceeding. Avery and his attorney confirmed the accuracy of the findings and conclusions of the report before the court proceeded to sentence. The district court adhered to the guideline range agreed to in the plea agreement (78-97 months) and in fact sentenced Avery to a term of 87 months, 9 fewer months than called for in the agreement. The court specifically alerted Avery to his right to take a direct appeal from the conviction and sentence notwithstanding the apparent waiver of this right in the plea agreement. Avery did not take a direct appeal from the conviction and sentence.
 
 
 9
 In 1994, Avery filed the present motion to vacate in which he challenged his conviction and sentence. Avery set forth five grounds for relief: 1) ineffective assistance of trial counsel; 2) the plea agreement and sentence were erroneously based on a higher quantity of drugs than that warranted by the facts; 3) the district court incorrectly applied the guidelines; 4) the district court failed to establish an adequate factual basis for the plea in contravention of Fed.R.Crim.P. 11; and, 5) the district court again failed to comply with Criminal Rule 11 in that it did not directly address Avery concerning his understanding of the charge, plea and sentencing. The government responded and the district court denied the motion without conducting a hearing. This appeal followed. Avery reasserts the grounds set forth in his motion and also assigns as error the failure of the district court to conduct an evidentiary hearing.
 
 
 10
 Avery's first assigned error is that it was error for the trial court summarily to dismiss his motion to vacate on the basis of procedural default. This alleged error is not well made. It is initially noted that the district court did not decide Avery's motion primarily on this basis. The district court's order is patently an examination of the merits of Avery's motion to vacate. The court set forth a detailed recitation of the various components of Avery's plea and conviction and concluded that they amply reflected a conviction and sentence free of constitutional error.
 
 
 11
 In addition, if the court had chosen to apply the doctrine of procedural default to the entire motion, it would have been a perfectly defensible action. Avery's claims, with the exception of the ineffective assistance of counsel claim, could all have been brought in a direct appeal. Avery did not, however, take a direct appeal. Claims that could have been raised on direct appeal but were not will not be entertained in a § 2255 proceeding unless the petitioner demonstrates cause for his previous omission and prejudice resulting therefrom. United States v. Frady, 456 U.S. 152, 167-69 (1982). Frady applies to a defendant who has pleaded guilty and first raises challenges to his conviction in a collateral attack. Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993).
 
 
 12
 Avery's second assigned error is the failure of the court to conduct an evidentiary hearing on his motion to vacate. As the record conclusively shows that Avery was not entitled to relief, Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986), the district court's decision not to conduct an evidentiary hearing was not error.
 
 
 13
 Avery's third claim is that the court erred in concluding that Avery had not articulated a claim of ineffective assistance of trial counsel. One seeking relief on the basis of ineffective assistance of counsel bears the burden of showing that his attorney was so deficient as not to be functioning as counsel under the Sixth Amendment and that prejudice resulted to a degree that the petitioner was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). In the context of a guilty plea, the resulting prejudice must amount to a showing that, but for counsel's errors, the petitioner would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 58 (1985). It is plain that Avery cannot meet any aspect of the Strickland/Hill test. Avery claims that he was unaware that he should not have been held accountable for the amount of cocaine used to calculate his sentence as agreed upon in the plea bargain. Avery also makes a bare assertion that his trial counsel was unfamiliar with the guidelines. Avery contends this unfamiliarity lead to his "incorrect" sentence. It is initially noted that there is not one shred of law or fact supporting Avery's claim that his sentence was the result of an incorrect application of the guidelines. There is every indication that Avery voluntarily entered into a plea bargain whereby he would receive a sentence certain in exchange, in part, for a voluntary stipulation of the amount of drugs involved in the illegal transaction. Avery in fact received less time than contemplated in the agreement. In addition, at no time has Avery made a convincing demonstration that he would not have pleaded guilty and insisted upon a trial in the absence of the alleged "error." Avery stood silent during most of the entire sentencing phase of his proceedings; when he did speak, it was to agree with the course of sentencing. Avery's entire claim in this regard is one unsupported allegation upon another. This claim is meritless.
 
 
 14
 Avery's fourth assigned error is another allegation that he received ineffective assistance of counsel. This claim is largely the same as above and is likewise meritless.
 
 
 15
 Avery's fifth appellate claim is that the district court erred in citing to United States v. Donn, 661 F.2d 820 (9th Cir.1981). The court made a passing reference to Donn in noting that sentencing errors should be called to the court's attention at the time of sentencing. This is a correct proposition of law and has little import to the case at bar.
 
 
 16
 Avery's sixth claim is a general claim that the court erred in not fully crediting all of Avery's claims and allegations and dismissing the motion. This claim is subsumed in the remainder of the appeal.
 
 
 17
 Avery's seventh claim is, again, another contention that the court erred in rejecting the sum of all his substantive arguments. This appellate claim lacks merit for the reasons stated above. Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation