113 F.3d 1244
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alton Anthony ROBERTSON, Defendant-Appellant.
 No. 96-55715.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 9, 1997.
 
 Before: FLETCHER, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alton Anthony Robertson appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. We affirm.
 
 
 3
 We review the district court's April 18, 1996 order denying Robertson's section 2255 motion. The district court lacked jurisdiction to enter its May 15, 1996 amended order because Robertson had already filed a notice of appeal. Nevertheless, we may affirm the district court's decision on any basis supported by the record. See United States v. Donn, 661 F.2d 820, 824 (9th Cir.1981).
 
 
 4
 Robertson contends that his conviction under 18 U.S.C. § 924(c) should be vacated in light of Bailey v. United States, 116 S.Ct. 501 (1995). The record reflects that Robertson was not convicted of a violation of 18 U.S.C. § 924(c).
 
 
 5
 Robertson has waived his claim that district court erred in enhancing his offense level pursuant to U.S.S.G. § 2B3.1(b) for possession of a firearm during a robbery because he failed to raise the issue at sentencing or on direct appeal. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994). Moreover, his sentence was not enhanced for possession of a firearm during a robbery.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to consider Robertson's contention that the district court erred in sentencing him as a career offender because he failed to raise the issue in his § 2255 motion. See Sanchez v. United States, 50 F.3d 1448, 1456 (9th Cir.1995)