Jackson MORGAN, Petitioner/Appellant,

v.

UNITED STATES of America,
Respondent/Appellee.

No. 81–3708.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 29, 1982.*

Decided Jan. 18, 1983.

Jackson Morgan, pro se.

John E. Lamp, U.S. Atty., James C. Crum, Asst. U.S. Atty., Spokane, Wash., for respondent/appellee.

Before FLETCHER, FERGUSON and REINHARDT, Circuit Judges.

FERGUSON, Circuit Judge:

In 1976 petitioner Morgan, a black man, was indicted for various narcotics offenses by a federal grand jury in Spokane, Washington. He was convicted by a jury and appealed on a number of grounds. The conviction was affirmed by this court in *United States v. Jackson Morgan,* 565 F.2d 1065 (9th Cir.1977), *cert. denied,* 435 U.S. 924, 974, 98 S.Ct. 1487, 1620, 55 L.Ed.2d 517, 56 L.Ed.2d 67 (1978).

Morgan then attempted to have the judgment of conviction vacated pursuant to 28 U.S.C. § 2255, on the ground that no members of his race had been on his grand or petit jury panels, or on the master jury wheel during the three-year period that the criminal proceedings against him were

---

* The panel unanimously agrees that this case is appropriate for submission without oral argu-      ment.

pending. The district court denied Morgan's § 2255 motion without holding an evidentiary hearing. This court affirmed in *Morgan v. United States,* 622 F.2d 595 (9th Cir.1980) (unpublished memorandum) on the ground that since Morgan had alleged no information with regard to the black population of the district or division in which he was indicted and tried, his motion stated "only bald legal conclusions with no supporting factual allegations."

Morgan then filed this second § 2255 motion, alleging that no blacks had served on a federal jury in the district in a period of over twenty years. Without an evidentiary hearing, the district court dismissed the motion under Rule 9 of the rules governing § 2255 proceedings, which allows dismissal of successive motions if the judge finds that the motion fails to allege new or different grounds for relief and the prior determination was on the merits. Additionally, the court found that Morgan failed to establish a prima facie violation of the sixth amendment requirement that a jury system reflect a fair cross-section of the community.

We hold that the district court erred in dismissing Morgan's § 2255 motion without an evidentiary hearing, and we remand so that such a hearing may be granted.

■ The rule against successive motions does not bar Morgan's second application for relief. 28 U.S.C. § 2255, Rule 9 (1976). Since Morgan's earlier motion was not decided on the merits, *see Sanders v. United States,* 373 U.S. 1, 19, 83 S.Ct. 1068, 1079, 10 L.Ed.2d 148 (1963), the district court improperly rejected this petition without a hearing. Such a disposition is justified only if "the record conclusively shows [the] motion to be without merit." *United States v. Donn,* 661 F.2d 820, 824 (9th Cir.1981) (and cases cited therein). The test is not met in this case.

■ The district court found that Morgan failed to establish a prima facie case of discrimination under the test laid out in *Duren v. Missouri,* 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979):

In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Id.* at 364, 99 S.Ct. at 668. We do not dispute the district court's finding that the defendant did not meet his burden of establishing a prima facie case of discrimination under *Duren,* since Morgan failed to show that the representation of blacks in venires from which juries are drawn in the Eastern District is not fair and reasonable in relation to the number of blacks residing in that district, and since Morgan failed to show that blacks had been systematically excluded from the jury selection process in the Eastern District of Washington.[1] Nonetheless, Morgan's claim of an unconstitutionally selected jury implicates not only the sixth amendment right to a fair cross-section of the community construed in *Duren,* but also the fourteenth amendment right to equal protection of the laws incorporated in the due process clause of the fifth amendment. *See Castenada v. Partida,* 430 U.S. 482, 494, 97 S.Ct. 1272, 1280, 51 L.Ed.2d 498 (1977).

■ While the fair cross-section requirement may be tested by one who is not a member of the allegedly underrepresented group, a denial of equal protection occurs when the defendant is himself a member of the excluded group. As the Court in *Castenada* explained:

Thus, in order to show that an equal protection violation has occurred in the context of grand jury selection, the defendant must show that the procedure employed resulted in substantial underrepresentation of his race or of the identi-

---

1. We express no opinion on whether the trial court dictum that the juror selection form used

in the Eastern District was not "susceptible to abuse" in the selection of jurors is correct.

fiable group to which he belongs. The first step is to establish that the group is one that is a recognizable, distinct class, singled out for different treatment under the laws, as written or as applied. *Hernandez v. Texas,* 347 U.S. [475] at 478–479 [74 S.Ct. 667 at 670–71, 98 L.Ed. 866]. Next, the degree of underrepresentation must be proved, by comparing the proportion of the group in the total population to the proportion called to serve as grand jurors, over a significant period of time. *Id.,* at 480 [671]. See *Norris v. Alabama,* 294 U.S. 587 [55 S.Ct. 579, 79 L.Ed. 1074] (1935). This method of proof, sometimes called the "rule of exclusion," has been held to be available as a method of proving discrimination in jury selection against a delineated class. *Hernandez v. Texas,* 347 U.S., at 480 [74 S.Ct., at 671]. Finally, as noted above, a selection procedure that is susceptible of abuse or is not racially neutral supports the presumption of discrimination raised by the statistical showing. *Washington v. Davis,* 426 U.S., [229] at 241 [96 S.Ct. 2040 at 2048, 48 L.Ed.2d 597]; *Alexander v. Louisiana,* 405 U.S. [625] at 630 [92 S.Ct. 1221 at 1225, 31 L.Ed.2d 536]. Once the defendant has shown substantial underrepresentation of his group, he has made out a prima facie case of discriminatory purpose, and the burden then shifts to the State to rebut that case.

430 U.S. at 494–95, 97 S.Ct. at 1280 (footnote omitted). Under equal protection analysis, absolute exclusion of a racial group may trigger concerns that are not as immediate in the analysis of whether the fair cross-section requirement is met. Absolute exclusion of blacks can violate equal protection even where the number of blacks in the population is small. In *Norris v. Alabama,* 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074 (1935), the Court found a prima facie denial of equal protection where no blacks had been called for jury service in at least twenty-four years, while the population of blacks in the county of indictment was approximately five percent. 294 U.S. at 590–591.

The need for an evidentiary hearing where an allegation of exclusion over an extended period of time has been made is illustrated by *Rose v. Mitchell,* 443 U.S. 545, 99 S.Ct. 2993, 61 L.Ed.2d 739 (1979). There the claim was that no blacks had ever served as grand jury foremen in the county. The Court stated that, even if no impropriety occurs in the selection of the petit jury or in the trial itself, a defendant's right to equal protection is violated when he is indicted by a grand jury from which members of his race have been purposefully excluded. In *Rose* the Court was able to uphold the conviction because the defendant had not established discrimination at the evidentiary hearing.

In *Guice v. Fortenberry,* 661 F.2d 496 (5th Cir.1981) (en banc), a district court dismissed without a hearing the claim that blacks had been excluded from the position of jury foreman for fifteen years. Stating that "[s]tatistics are not, of course, the whole answer, but nothing is as emphatic as zero," 661 F.2d at 505, the Fifth Circuit reversed and remanded for a hearing.

Morgan's allegations are more serious than those in *Rose* and *Guice,* since he alleges exclusion from juries altogether, not just from the leadership position. We cannot say that he will not be able to establish discrimination if granted an evidentiary hearing. We therefore REVERSE and REMAND to the district for such a hearing.