993 F.2d 882
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tena EVANS, Petitioner-Appellant,
v.
Sue Ellen CLARK, or successor, Superintendent; WCCW,
Respondent-Appellee.
 No. 92-35517.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1993.*
Decided May 12, 1993.
 
 Before SKOPIL, ALARCON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tena Evans appeals pro se the district court's denial of her petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (1988). She contends that the district court erred by rejecting her claims that (1) the evidence was insufficient to support her conviction; (2) she received ineffective assistance of counsel; and (3) she was denied her right to a jury reflective of a fair cross-section of the community. We reject these contentions and affirm.
 
 DISCUSSION
 1. Sufficiency of the Evidence
 
 3
 Evans argues that there was insufficient evidence for the jury to find her guilty of felony murder based on the underlying felony of first degree burglary. Our task is to determine whether, " 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Payne v. Borg, 982 F.2d 335, 338 (9th Cir.1992) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original)).
 
 
 4
 Under Washington law, a person is guilty of first degree burglary
 
 
 5
 [I]f, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a dwelling and if, in entering or while in the dwelling or in immediate flight therefrom, the actor or another participant in the crime (a) is armed with a deadly weapon, or (b) assaults any person therein.
 
 
 6
 Wash.Rev.Code § 9A.52.020(1). A person enters or remains unlawfully "when he is not then licensed, invited, or otherwise privileged to so enter or remain." Wash.Rev.Code § 9A.52.010(3). Intent may be inferred from the facts and circumstances surrounding the commission of the act and from conduct which plainly indicates such intent as a matter of logical probability. State v. Bergeron, 105 Wash.2d 1, 711, P.2d 1000, 1011 (1985).
 
 
 7
 We have reviewed the record in this case and we conclude that there is sufficient evidence to support Evan's conviction. The record supports the finding by the state court of appeals that "the evidence is overwhelming that the defendants [including petitioner] entered [the residence] under subterfuge with guns displayed, assaulted Handis and Jackson, and Brown [a co-defendant] shot Jackson." Similarly, the evidence is sufficient to support the state supreme court's finding that "a rational trier of fact could have found, beyond a reasonable doubt, that petitioner remained unlawfully in the apartment with the intent to commit assault, kidnapping or unlawful imprisonment." See State v. Collins, 110 Wash.2d 253, 751 P.2d 837, 841 (1988) (limitation or revocation of privilege to be on premises may be inferred from circumstances).
 
 2. Ineffective Assistance of Counsel
 
 8
 Evans contends that she was denied effective assistance of counsel at trial and on appeal. To establish ineffective assistance of counsel, Evans must prove that her counsel's performance fell below an objective standard of reasonableness and, but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); Morrison v. Estelle, 981 F.2d 425, 427 (9th Cir.1992), petition for cert. filed (Feb. 16, 1993) (No. 92-8009). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. The same standard applies to legal representation at the appellate level. See Miller v. Keeney, 882 F.2d 1428, 1433 (9th Cir.1989).
 
 
 9
 Evans argues that her trial counsel's representation was deficient for several reasons. First, she argues that the defense strategy had no legal merit. The decision to pursue, or not to pursue, a defense is strategic and should not be second-guessed through hindsight. United States v. Appoloney, 761 F.2d 520, 525 (9th Cir.), cert. denied, 474 U.S. 949 (1985). The state court of appeals concluded that "[c]onsidering the strength of the State's case, it cannot be said that counsel's theory of the case was manifestly unreasonable." We agree with that conclusion.
 
 
 10
 Second, Evans is wrong when she argues that her attorney failed to require the state to prove all the essential elements of felony murder. As previously discussed, the evidence was sufficient to establish Evans' guilt beyond a reasonable doubt.
 
 
 11
 Third, Evans contends that her counsel's ability to prepare a viable defense was hampered by his unfamiliarity and lack of experience with ethnic mores, habits and language patterns of inner city blacks. She argues that her attorney did not convey to the jury the true meaning of her statements to the victim the day of the murder and that her attorney did not challenge Handis' testimony. Evans has not demonstrated a reasonable probability that the result of the trial would have been different had her attorney been familiar with black mores or had more vigorously cross-examined Handis. We conclude that Evans' trial counsel's actions did not constitute ineffective assistance of counsel.
 
 
 12
 Finally, Evans contends that her appellate counsel was deficient because he raised matters that were not preserved and focused on technical violations rather than her innocence. Appellate counsel are charged with "winnowing out weaker arguments on appeal and focusing on those more likely to prevail." Smith v. Murray, 477 U.S. 527, 536 (1986) (internal quotations omitted). We conclude that Evans did not demonstrate that her counsel's performance was unreasonable or that, but for the alleged deficient performance, the outcome at trial or on appeal would have been different.
 
 3. Jury Selection
 
 13
 Evans argues that she was denied her right to a jury reflective of a fair cross-section of the community because there were no blacks on her jury or on the venire from which the jury was chosen. To demonstrate a prima facie violation of the fair cross-section requirement, Evans must show:
 
 
 14
 (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.
 
 
 15
 Duren v. Missouri, 439 U.S. 357, 364 (1979).
 
 
 16
 The first prong of the Duren test has been met. Blacks are members of a distinctive and identifiable group in the community. See Rose v. Mitchell, 443 U.S. 545, 565 (1979). The government correctly asserts that Evans failed to meet the second and third prongs. Evans presented no evidence to show the proportion of blacks in the community or that the representation of blacks in venires from which juries are selected in Washington is not fair and reasonable. See Morgan v. United States, 696 F.2d 1239, 1240 (9th Cir.1983). A violation of the fair cross-section requirement cannot be premised upon proof of underrepresentation in a single jury. United States v. Miller, 771 F.2d 1219, 1228 (9th Cir.1985). Similarly, Evans failed to show that the alleged underrepresentation was due to systematic exclusion in the jury selection process. See Gordon v. Duran, 895 F.2d 610, 615 (9th Cir.1990). "[A] defendant may not ... challenge the makeup of a jury merely because no members of [her] race are on the jury." Id. (quoting Apodaca v. Oregon, 406 U.S. 404, 413 (1972)). Evans' claim is without merit.
 
 
 17
 Evans also claims denial of equal protection due to the jury composition. See Batson v. Kentucky, 476 U.S. 79, 86 (1986). To establish an equal protection violation, Evans must prove purposeful discrimination by the state. See id. at 90. We reject Evans's claim because she did not present any evidence of purposeful discrimination or even allege that the state's selection from lists of registered voters discriminates against blacks.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3