**James Jeffrey GRADY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 89–35583.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 22, 1990.[*]

Decided March 25, 1991.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

James Jeffrey Grady, Safford, Ariz., pro se.

Mark R. Bailey, Asst. U.S. Atty., Portland, Or., for respondent-appellee.

Before KOELSCH, CHOY and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

James Jeffrey Grady, a federal prisoner, appeals pro se the district court's denial of his motion brought pursuant to 28 U.S.C. § 2255. The district court held that Grady's claims were covered by § 2255 but denied the motion without an evidentiary hearing. We affirm.

I

On May 26, 1987, Grady was charged with two counts of bank robbery, in violation of 18 U.S.C. § 2113(a). The same day, he pleaded guilty to both counts. On July 16, 1987, a district judge in the United States District Court, District of Oregon, sentenced Grady to a twelve-year suspended sentence and five years probation. The suspended sentence and probation were conditioned on Grady completing a residential drug treatment program.

On October 22, 1987, Grady was discharged from his drug treatment program before its completion for noncompliance with program rules and policies. On January 10, 1988, the district court revoked Grady's suspended sentence and probation on the ground that Grady had failed to complete the drug treatment program. The district court sentenced Grady to ten years imprisonment.

On May 6, 1988, Grady moved to reduce his sentence under Fed.R.Crim.P. 35(b). The district court denied the motion on June 9, 1988, and Grady moved under § 2255 seeking to correct his sentence. The district court denied Grady's § 2255 motion on August 15, 1989 without an evidentiary hearing. Grady timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II

The threshold issue is whether § 2255 [1] may be relied on in a challenge to a probation revocation. The district court acknowledged that the Advisory Committee Notes for Rule 1 of the Rules Governing Section 2255 Proceedings for the United States District Courts state that:

> The challenge of decisions such as revocation of probation or parole are not appropriately dealt with under 28 U.S.C. § 2255, which is a continuation of the original criminal action. Other remedies, such as habeas corpus, are available in such situations.

28 U.S.C. § 2255 (1988) (Rule 1 Advisory Committee Notes). However, the district court declined to follow the guidance of the advisory committee. The district court found that Grady was challenging a proceeding in the sentencing court and reasoned that it would be wasteful to require Grady to file a habeas petition where he is incarcerated in Arizona when the necessary documents and witnesses are located in Oregon.

■ The general rule stated in the advisory committee note, that § 2255 is not the proper means for challenging a probation revocation, is based upon the concept that § 2255 is a further step in a defendant's criminal case rather than a separate civil action. In the situation in which the prisoner is challenging a probation or parole determination that does not involve the sentencing court, the general rule set forth by the advisory committee note is appropriate. However, when the challenged decision is a decision of the sentencing court, § 2255 provides the appropriate remedy.

■ Section 2255 provides that a prisoner may challenge his sentence on the ground that it is "subject to collateral attack." 28 U.S.C. § 2255 (1988). The legislative history of § 2255 supports a broad reading of the statute to allow for review by the sentencing court of its decision to revoke probation. The Senate summarized the purpose of § 2255 as creating:

> a statutory remedy consisting of a motion before the court where the movant has been convicted. The remedy is in the nature of, but much broader than, coram nobis. The motion remedy broadly covers all situations where the sentence is "open to collateral attack."

Sen.Rep. No. 1526, 80th Cong., 2d Sess. (1948). Grady's claim that the sentence is based upon a wrongful revocation of probation is a collateral attack. The district court correctly held that use of § 2255 is appropriate for Grady's challenge to his sentence.

## III

The remaining issue is whether the district court correctly denied Grady's challenge to his sentence. Grady contends that he received ineffective assistance of counsel at the probation hearing, that the district court violated Fed.R.Crim.P. 32, that the district court abused its discretion, and that the district court should have granted an evidentiary hearing.

■ A denial of a § 2255 motion is reviewed de novo. *United States v. Quan*, 789 F.2d 711, 713 (9th Cir.), *cert. dismissed*, 478 U.S. 1033, 107 S.Ct. 16, 92 L.Ed.2d 770 (1986). Grady's ineffective assistance of counsel claim raises mixed questions of law and fact that are also reviewed *de novo. Iaea v. Sunn*, 800 F.2d 861, 864 (9th Cir.1986).

Grady contends that he was denied effective assistance of counsel because his counsel (1) stipulated that Grady violated probation, (2) presented written rather than oral evidence, (3) conducted an unprepared cross-examination, and (4) failed to show Grady a presentence report.

---

**1.** Section 2255 provides in relevant part:
A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to im-

pose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
28 U.S.C. § 2255 (1988).

Grady does not dispute the fact that he failed to complete his drug rehabilitation program. Thus, the stipulation entered into by his counsel that Grady had violated his probation merely stipulated to the obvious. The stipulation and the decision to submit evidence in writing were tactical decisions that do not give rise to an ineffective assistance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668, 689–691, 104 S.Ct. 2052, 2065–2066, 80 L.Ed.2d 674 (1984).

Grady has failed to establish any prejudice from the alleged unprepared cross-examination by his counsel. There is nothing in the record that demonstrates that this alleged deficiency affected the outcome of the probation hearing. *See id.* at 691–692, 104 S.Ct. at 2066–2067.

Grady also asserts that his counsel failed to show him the presentence report that was prepared for the probation revocation hearing. He contends that he was prejudiced by inaccuracies in the report and that the district court should have held an evidentiary hearing on this issue. According to Grady, the probation report indicates that he was discharged from his drug treatment program for making several statements of a sexual nature to fellow residents. Grady asserts that he made only one such statement.

We have held that a "defense counsel's failure to show his client the presentence report may fall below the standard of reasonably competent representation." *United States v. Donn*, 661 F.2d 820, 824 (9th Cir.1981). Thus, the district court was required to hold an evidentiary hearing concerning Grady's allegations unless the record conclusively established that Grady's motion was without merit. *Id.* at 825.

The district court found that Grady's allegations were without merit because Grady admitted making a sexual comment and one sexual comment was a proper ground for expulsion under the rules of the treatment program. The district court concluded that any misstatements in the report were not prejudicial.

When the record discloses the factors relied on by the sentencing court, the petitioner has the burden of demonstrating that the sentencing court relied on the inaccurate information. *Id.* Likewise, when the sentencing court has made a later finding concerning the factors relied on for sentencing that is based on the court's recollection of the sentencing proceedings, the petitioner has the burden of demonstrating prejudice. *Id.* at 825 n. 4.

Here, the sentencing court made a later finding that any misstatements in the presentence report were not prejudicial because Grady's own admissions were the basis of the sentence he received. This later finding by the district court shifted the burden to Grady to demonstrate that the court relied on the allegedly inaccurate information in determining his sentence. Grady has failed to carry that burden. The district court correctly denied Grady's ineffective assistance of counsel claim without holding an evidentiary hearing.

Finally, Grady contends that the district court abused its discretion in revoking his probation because he was not fully advised of the rules of the drug treatment program. The record demonstrates that Grady was aware of the rules of the program and that he had been warned about violating those rules. Grady has failed to support his contention that he was not aware that his behavior could result in discharge.

IV

Grady properly brought his claims pursuant to § 2255. However, he has failed to show that the district court wrongfully denied his motion.

AFFIRMED.