953 F.2d 1390
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clyde Eugene YANT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-55152.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1992.*
Decided Feb. 7, 1992.
 
 Before ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clyde Yant was convicted of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Yant subsequently moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court denied his motion and Yant now appeals pro se. We review the district court's denial of Yant's § 2255 motion de novo, Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991), and we now affirm.
 
 
 3
 * Yant first argues that he had ineffective assistance of counsel. In order to claim ineffective assistance of counsel, Yant must show "(1) incompetent professional assistance; and (2) prejudice." Alford v. Rolfs, 867 F.2d 1216, 1220 (9th Cir.1989). We review de novo the district court's determination that Yant had effective assistance of counsel. Id. A review of all of Yant's arguments as to why he was denied effective assistance demonstrates that his claims lack merit.[1]
 
 A. Compelling Production of Steve Boubon
 
 4
 Yant argues that his trial counsel was ineffective because she failed to make a pretrial motion to compel the production of Steve Boubon, the government's informant, at trial.
 
 
 5
 Counsel's failure to make such a pretrial motion does not constitute incompetence. DEA Agent Denly testified that Boubon had become a fugitive from justice subsequent to his participation in the operation against Yant, that Denly had been unable to locate Boubon, and that Boubon's whereabouts had been unknown since approximately January 16, 1988. Meanwhile, an indictment was not returned against Yant until January 21, 1988. Therefore, Yant's counsel could not have compelled the production of Boubon by filing a pretrial motion, and if such a motion had been filed, the government would have been unable to comply with it. Under such circumstances, counsel's failure to file such a pretrial motion cannot be deemed to have prejudiced Yant.
 
 B. Prosecution in Federal Court
 
 6
 Yant argues that "[h]ad counsel argued the Congressional Intent under Title 21 U.S.C. Section 903, the Court would have been bound to consider dismissing the indictment preliminarily with prejudice for want of jurisdiction or lack of jurisdiction to prosecute the petitioner in Federal Court."
 
 
 7
 Section 903 merely provides that federal drug laws will not operate to the exclusion of state drug laws unless the two are in conflict. In this case, Yant was charged with a violation of a federal drug statute, 21 U.S.C. § 841. The district court properly had jurisdiction over that action pursuant to 18 U.S.C. § 3231, and 21 U.S.C. § 903 in no way changes the propriety of the district court's exercise of jurisdiction. Yant's counsel, therefore, cannot be deemed ineffective for her failure to argue that jurisdiction was lacking because of § 903.
 
 C. Missing Witness Instruction
 
 8
 Yant claims he was prejudiced by his counsel's failure to seek a missing witness jury instruction. At trial, however, the government proposed such an instruction, and, after various objections were made by defense counsel, the court gave that instruction to the jury. Because an instruction was in fact given, Yant's counsel's failure to request such an instruction does not constitute incompetence or establish prejudice.
 
 
 9
 D. Failure to Object to Aiding and Abetting Instruction
 
 
 10
 Yant claims that his counsel erred by failing to object to the aiding and abetting instruction when the indictment did not even charge Yant with aiding and abetting. Yant's counsel, however, did object to the aiding and abetting instruction. Additionally, "[i]t is well-settled that courts may instruct on aiding and abetting, if the evidence warrants, even though this theory was not charged in the indictment." United States v. Batimana, 623 F.2d 1366, 1370 n. 3 (9th Cir.1980), cert. denied, 449 U.S. 1038 (1980). Thus, counsel's actions regarding this instruction were not incompetent.[2]
 
 
 11
 E. The Relationship between Conspiracy and Substantive Offense
 
 
 12
 Yant next asserts that his counsel incompetently failed to object to the government's decision to dismiss the conspiracy count, such that he was convicted of the substantive count--possession of methamphetamine with intent to distribute--only. Yant further argues that because the substantive count was based on contraband possessed by his co-conspirators, a conviction on that substantive offense without a conviction for conspiracy is impermissible. We reject this claim.
 
 
 13
 The failure to convict for conspiracy does not preclude a conviction for the commission of a substantive offense. A defendant may be found guilty of a substantive offense, such as possession of methamphetamine with intent to distribute, without necessarily being found to have made an agreement of the type that would establish a conspiracy. Because Yant's legal theory lacks merit, we cannot conclude that his counsel's failure to object to the dismissal of the conspiracy count establishes incompetence.
 
 
 14
 F. Failure of Appellate Counsel to Advise Yant of Settlement Offer
 
 
 15
 Yant was represented by another attorney, David Harrison, on direct appeal. Yant now claims that Harrison provided ineffective assistance of counsel when he failed to advise Yant of a settlement offer proposed by the government. We reject this argument because Yant has presented no evidence that Harrison failed to communicate the alleged settlement offer to him. With no evidence to demonstrate that Yant was improperly kept in the dark, we cannot hold that Harrison did his job incompetently. See United States v. Christoffel, No. 90-10405, slip op. 16615, 16622 (9th Cir. Dec. 19, 1991) (rejecting ineffective assistance of counsel claim "[b]ecause [defendant] has offered nothing to establish that the attorney conduct he cites occurred").[3]
 
 G. Application of the Sentencing Guidelines
 
 16
 The district court originally sentenced Yant to a ten-year prison term followed by three years of supervised release. The court declined to apply the Sentencing Guidelines despite the government's request that the court do so. We subsequently remanded this case for resentencing under the Guidelines. See United States v. Yant, CA Nos. 88-5310, 88-5346, at 6-7 (9th Cir. Jan. 8, 1990) (unpublished memorandum disposition). The district court then applied the Guidelines and sentenced Yant to twenty years in jail followed by three years of supervised release.
 
 
 17
 Yant now argues that his appellate counsel erred by failing to inform this court that the government did not preserve its right to challenge on appeal the initial non-Guidelines sentence. Yant contends that his sentence would not have been increased if Harrison had pointed out that the government never objected to the non-Guidelines sentence, and thus waived its right to appeal this issue.
 
 
 18
 Yant's claim lacks merit because, at the sentencing hearing, the government did object to the imposition of a non-Guidelines sentence and did preserve this issue on appeal. Yant's appellate counsel therefore could not have reasonably argued that the government waived its right to appeal this sentence.
 
 H. Return of Personal Property
 
 19
 Yant asserts that both his trial counsel and his appellate counsel acted deficiently when they failed to seek or obtain "a Court Order to have all personal properties, monies, and other items returned back to the petitioner following his trial." Yant's claim is irrelevant to the current proceeding because the alleged failure of counsel has no relationship to the sentence that Yant is currently challenging. Yant's § 2255 motion is largely based on the premise that his conviction and sentence were due to ineffective assistance of counsel, but the issue of whether property or money should have been returned to Yant is unrelated to the validity of his criminal conviction or his prison sentence.
 
 I. Joint Possession Jury Instruction
 
 20
 Yant's final ineffective assistance of counsel argument is that his trial counsel erred when she failed to object to the "wholly erroneous" instruction on joint (or constructive) possession. Although Yant's counsel did fail to object, that failure does not constitute error because the court's instruction was proper. See United States v. Rhodes, 713 F.2d 463, 470-71 (9th Cir.1983) (upholding the propriety of an instruction similar to the one involved in the case at bar), cert. denied, 464 U.S. 1012 (1983), and 465 U.S. 1038 (1984).
 
 II
 
 21
 Yant next contends on appeal that venue was improper in the Central District of California, and that venue should have been laid in the Eastern District of California.[4] This claim is misplaced. It is true that Yant's methamphetamine laboratory was located in Placerville, California, which is located in the Eastern District. Yant and his co-defendant, however, were arrested while attempting to sell methamphetamine in Riverside county, which is located in the Central District. Venue is proper in "a district in which the offense was committed." Fed.R.Crim.P. 18. Because the actual offense--possession of methamphetamine with intent to distribute--was committed in the Central District, venue was proper.
 
 III
 
 22
 Yant argues that his conviction was improper "because Yant himself did not possess the contraband found in his co-conspirators [sic] possession." We previously rejected this argument and held that even if Yant did not actually possess the contraband, the evidence was sufficient to support a conviction under an aiding and abetting theory. Yant, CA Nos. 88-5310, 88-5346, at 4-5.
 
 IV
 
 23
 Yant next claims that because his co-conspirators all were acquitted of both the conspiracy and the possession counts, Yant too should have been acquitted "as a matter of equal protection of law." This argument also is meritless. We previously held that the evidence was sufficient to support Yant's conviction. That his co-defendants were acquitted in no way affects the validity of Yant's conviction.
 
 V
 
 24
 Yant argues that the district court "committed error by allowing him to be convicted all by himself for the Conspiracy Offense." Yant was not convicted of conspiracy, and thus this claim of error is rejected.
 
 VI
 
 25
 Yant next contends that, as a pro se litigant, his due process rights were violated when the district court failed to write an opinion or explicitly state any reasons for denial of Yant's § 2255 and Fed.R.Civ.P. 60(b) motions. This argument lacks merit. Yant has pointed to no authority holding that a district court always is obligated to issue written findings when denying a pro se petitioner's motions. The district court properly denied these motions, and the failure to issue extensive written opinions does not constitute a due process violation.[5]
 
 VII
 
 26
 Yant argues finally that his sentence should not exceed four years. First, Yant failed to raise this issue in his § 2255 motion to the district court and has thus waived the issue on appeal. See United States v. Carlson, 900 F.2d 1346, 1349 (9th Cir.1990). Even were we to consider the merits of this argument, Yant was properly sentenced in accordance with the Sentencing Guidelines, and he has failed to show how a reduction to four years is justified under the Guidelines.[6] Furthermore, to the extent that Yant is arguing that the penalty provisions of § 841 impose a statutory maximum of four years on his sentence, his claim is inaccurate and without merit. See § 841(b)(1)(A) (imposing ten-year minimum sentence for violations of § 841(a) involving 100 grams or more of methamphetamine).
 
 
 27
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Yant's appellate brief, he makes only vague assertions about the inadequacy of his counsel. Given that Yant is appealing pro se, we will consider both the arguments made in his appellate brief and the more specific arguments that he made in his § 2255 motion to the district court, which dealt almost entirely with allegations of ineffective assistance of counsel
 
 
 [2]
 Yant also argues that trial counsel was incompetent because she "failed to show that she requested a limiting instruction to the jury to restrict evidence to the conspiracy issue." Yant, however, has failed to inform the court what evidence should have been restricted and why it should have been restricted. Such vague allegations are insufficient to meet Yant's burden of showing both incompetence and prejudice
 
 
 [3]
 Yant also argues that Harrison acted incompetently by failing to discover and challenge the improper jury instructions. As we held, supra, Yant's challenges to the jury instructions lack merit. Accordingly, Harrison, like Yant's trial counsel, did not act incompetently when he failed to attack the instructions in the manner now desired by Yant
 
 
 [4]
 To the extent Yant argues that the remaining issues also provide the basis for an ineffective assistance of counsel claim, we reject them
 
 
 [5]
 28 U.S.C. § 2255 does state that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." This provision, however, does not mandate that written findings be issued in all pro se petitioner cases. Additionally, Yant's motion, combined with the files and records of this case, clearly demonstrates that Yant is not entitled to relief, thus obviating the need for the district court to make findings with respect to Yant's claims
 
 
 [6]
 Yant appears to argue that a four-year maximum is appropriate because his role in the crimes was limited to "using telephone facilities and nothing more." The record, however, does not clearly indicate that Yant's involvement was limited to the use of the telephone. Also, even if Yant's activities were limited to using the telephone to facilitate the crime, Yant has not shown how that justifies a reduced sentence under the Guidelines