981 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lionell HUGHES, Defendant-Appellant.
 No. 90-16724.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 11, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lionell Hughes, a federal prisoner, appeals pro se the denial of his 28 U.S.C. § 2255 motion to vacate the sentence imposed upon him following his conviction for bank robbery, in violation of 18 U.S.C. § 2113(a) & (d). He contends that the district court erred by finding that his conviction was not the result of an involuntary guilty plea.[1] We review de novo a district court's decision on a section 2255 motion. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991). We have jurisdiction pursuant to 28 U.S.C. § 2255 and we affirm.
 
 
 3
 Claims of constitutional error or lack of jurisdiction may be freely raised in a section 2255 proceeding. United States v. Addonizio, 442 U.S. 178, 185 (1979). Claims of non-constitutional errors of law or fact, however, may be raised only if the alleged error is a fundamental defect that renders the entire proceeding irregular and invalid or results in a complete miscarriage of justice. Id. at 185-86.
 
 
 4
 Here, Hughes contends that his conviction was based on an involuntary guilty pleas. He points to the judgment and probation/commitment order dated January 11, 1985 for his argument. Nevertheless, the only plea entered was his plea of not guilty at his arraignment on October 18, 1984. Hughes waived his right to a jury trial and was convicted following a bench trial based on stipulated facts.
 
 
 5
 Therefore, he fails to state a cognizable claim under 28 U.S.C. § 2255. Hughes' motion is without merit and the district court properly denied it.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 [1]
 He also appears to claim that he received ineffective assistance of counsel because "defense counsel failed to render meaningful [advice] ... on the facts and law applicable to a plea bargain." This contention lacks merit because no plea bargain was ever made