988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Fredrick BRANAGAN, Defendant-Appellant.
 No. 91-15769.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 23, 1993.
 
 1
 Appeal from the United States District Court for the Northern District of California, No. CV-91-20100-WAI; William A. Ingram, District Judge, Presiding.
 
 
 2
 N.D.Cal.
 
 
 3
 AFFIRMED.
 
 
 4
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges
 
 
 5
 MEMORANDUM**
 
 
 6
 Thomas Fredrick Branagan, a federal prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2255 motion to vacate his sentence for failure to state a claim for relief. Branagan was sentenced to a term of ten years imprisonment and five years of supervised probation after pleading guilty to a charge of distribution of twenty kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1).
 
 
 7
 Branagan's section 2255 motion states four grounds under which he claims relief: (1) "that movant is not a member of the class regulated by 21 U.S.C. § 801 et. seq. (Controlled Substance Act) because he was never licensed either federally or by any state to manufacture, distribute or dispense controlled substances"; (2) that 21 U.S.C. § 841(a)(1) is unconstitutional on its face or as applied in his case, and thus this court is without subject matter jurisdiction; (3) that his indictment alleges a "violation of a consumer protection statute and fails to acknowledge Title 21 U.S.C. Section 301 [sic] et seg [sic] (1906), therefore placing a federal regulation before the statute"; and (4) that his indictment was fraudulently labeled.
 
 
 8
 We review de novo a district court's decision on a section 2255 motion. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991). We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 9
 Congress may constitutionally regulate intrastate drug activity under 21 U.S.C. § 841(a)(1). United States v. Visman, 919 F.2d 1390, 1392 (9th Cir.1990). Therefore, Branagan's claim that the statute is unconstitutional fails.
 
 
 10
 Moreover, a district court may deny a section 2255 motion without an evidentiary hearing if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. United States v. Burrows, 872 F.2d 915, 917 (9th Cir.1989). Here, it is obvious from the face of the section 2255 motion that Branagan has not alleged cognizable grounds upon which the district court could have granted him relief and his arguments are patently frivolous. Id.; 28 U.S.C. § 2255 and Rule 4(b), Rules Governing Section 2255 Proceedings.
 
 
 11
 Therefore, the district court properly dismissed Branagan's motion with prejudice, and we affirm.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3