5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Francis Joseph POOLE, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-56542.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 25, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Francis Joseph Poole, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate or set aside his judgment and conviction. Poole challenges his guilty plea conviction for bank robbery. He contends that the district court erred by denying his section 2255 motion without an evidentiary hearing on his claim that his plea was involuntary. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo a district court's decision on a section 2255 motion, Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991), and we affirm.
 
 
 3
 Poole contends that the district court erred by not holding an evidentiary hearing on his claim that his guilty plea was involuntary. He claims that his plea was involuntary because he was under the influence of psychotropic medication, Moban and Symmetrel, which caused him to be in "a zombie, half-asleep, groggy state of mind." He also claims that he has no memory of committing the bank robbery or of pleading guilty.
 
 
 4
 Section 2255 requires the district court to hold an evidentiary hearing "[u]nless the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255; see also Rule 4(b), Rules Governing Section 2255 Proceedings. Thus, the district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. See Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam). "In deciding such motions, judges need not conduct full evidentiary hearings." Id. "Section 2255 itself 'recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner.' " Id. (citations omitted). The district court, in deciding a section 2255, need only give the petitioner's claim "careful consideration and plenary processing." Id. (citations omitted).
 
 
 5
 At the time Poole entered his guilty plea he was incarcerated at the Metropolitan Correctional Center (MCC) awaiting trial. During his guilty plea the trial judge asked him whether he had taken any drugs, medication, or alcohol within the last forty-eight hours. Poole responded that he had not and continued to answer the questions posed by the court. Poole clearly articulated the factual basis for his guilty plea. The district court found that based upon his demeanor and physical condition, his plea was made voluntarily. Two years later Poole filed this motion.
 
 
 6
 Instead of holding a full hearing at which Poole was present, the district court ordered the appellee to produce Poole's medical records from the MCC. The district court's review of the medical records revealed that prior to his arrest Poole had been injecting methamphetamines. After he was placed under the custody of MCC, Dr. Waldron, a physician at the facility, prescribed Haldol and Norvane in November of 1989. Poole refused to take this medication alleging that it made him "climb the walls." Dr. Waldron then prescribed 50 mg. of Moban and 100 mg. of Symmetrel. Poole took an evening dose of these medications on a daily basis, but consistently missed his morning dosage. Poole reported no side effects from the medication to Dr. Waldron, and the Moban dosage appeared to be successful. Dr. Waldron increased the Moban dosage to 75 mg., and then to 100 mg. Poole did not report any side effects from the additional dosages, but instead reported that it made him feel better.
 
 
 7
 The district court then consulted the Physician's Desk Reference (45th ed., 1991), which lists all possible adverse side effects from various medications. Drowsiness was indicated as a possible side effect of Moban, and insomnia as a possible side effect of Symmetrel. Amnesia was not listed as a potential side effect of either medication. While there is some indication in Poole's medical records that he was having trouble sleeping prior to his plea hearing, it has no bearing on his ability to voluntarily plead guilty. See Boykin v. Alabama, 395 U.S. 238 (1969).
 
 
 8
 Accordingly, the district court did not err by denying Poole's section 2255 motion without an evidentiary hearing. Watts, 841 F.2d at 277. The court's review of Poole's medical records was sufficient to conclude that Poole's claim is unsupported by the record. Id.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3