9 F.3d 1550
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gabriel ANDRADE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-55102.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 25, 1993.
 
 Before: PREGERSON, BRUNETTI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gabriel Andrade appeals pro se the district court's denial of his 28 U.S.C. § 2255 motior to vacate, set aside or correct his sentence. Andrade challenges the sentence imposed following his guilty plea conviction for conspiracy to possess and distribute over five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) & 846. He contends that he received ineffective assistance of counsel at his sentencing hearing. He claims his counsel was ineffective because: (1) he failed to request an evidentiary hearing at sentencing; and (2) he failed to object to errors in Andrade's presentence investigation report. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. We review de novo a district court's decision on a section 2255 motion. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991).
 
 
 3
 "Generally, the Ninth Circuit will not consider issues raised for the first time on appeal." United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). "There are, however, three exceptions." Id. "The first is exceptional circumstances where review is necessary to prevent a miscarriage of justice." Id. "The second is when a new issue arises while appeal is pending because of a change in the law." Id. "The third is when the issue is purely one of law and either does not depend on the factual record developed below or the relevant record has been fully developed." Id. (citations omitted).
 
 
 4
 In the section 2255 motion which is the subject of this appeal, Andrade claimed that: (1) the evidence was insufficient to support his conviction, and (2) his attorney was ineffective because he failed to properly investigate Andrade's case and failed to present his affirmative defenses. On appeal, Andrade contends for the first time that his counsel was ineffective because: (1) he failed to request an evidentiary hearing at sentencing; and (2) he failed to object to errors in Andrade's presentence investigation report. Because Andrade did not raise these issues in the district court, they are waived. Id.
 
 
 5
 None of the exceptions to the general rule of waiver is applicable here. Andrade has not cited any exceptional circumstances for failing to raise these issues in the district court. See Reyes-Alvarado, 963 F.2d at 1189. There has been no change in the law while his appeal was pending. See id. The issues presented require factual determinations which should have been presented to and decided by the district court. See id.
 
 
 6
 Accordingly, we consider Andrade's claim that his attorney was ineffective to be waived. See id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3