9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roderick R. LEWIS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-56433.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1993.*
Decided Oct. 22, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roderick R. Lewis appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct his 121-month sentence. He previously pled guilty to aiding and abetting the distribution of more than fifty grams of a substance containing cocaine base. Lewis contends that the substance to which he pled guilty was cocaine hydrochloride not cocaine base. We review de novo, Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991), and we affirm.
 
 
 3
 First, Lewis claims that the initial lab analysis of the 83.3 gram substance determined that it contained 54.3 grams of cocaine hydrochloride and did not indicate any amount of cocaine base. He claims that his sentence should be reduced because cocaine hydrochloride does not carry a mandatory minimum sentence of ten years.
 
 
 4
 Second, Lewis claims that a subsequent lab analysis, of which neither he nor his attorney were allegedly informed, determined that the substance contained 48.3 grams of cocaine base. Lewis claims that since neither he nor his attorney were ever notified that the initial analysis was in error or that a second analysis would be performed, the initial lab analysis should be reinstated. Alternatively, Lewis claims that if the initial report is not reinstated, his sentence should be reduced because the second report indicates that the substance only contained 48.3 grams of cocaine base, rather than the 50 grams which requires a mandatory minimum sentence of ten years. Lewis' claims lack merit.
 
 
 5
 The Guidelines provide that "[u]nless otherwise specified the weight of a controlled substance set forth in the [drug quantity] table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." U.S.S.G. § 2D1.1(c). The words "mixture or substance" are given "the same meaning as in 21 U.S.C. § 841." Id., comment. (n. 1).
 
 
 6
 The United States Supreme Court has recently determined that "[n]either the statute nor the Sentencing Guidelines define the terms 'mixture' and 'substance,' nor do they establish common law meaning. Those terms, therefore, must be given their ordinary meaning." Chapman v. United States, 111 S.Ct. 1919, 1925 (1991). "If the carrier is a 'mixture or substance containing a detectable amount of the drug,' then under the language of the statute the weight of the mixture or substance, and not the weight of the pure drug is controlling." Id.
 
 
 7
 Here, Lewis was indicted and convicted for aiding and abetting the distribution of 83.3 grams of a substance containing cocaine base. The initial lab report concluded that the 83.3 gram substance contained 53.4 grams of cocaine hydrochloride. The initial report failed to calculate the amount of pure cocaine base contained in the 83.3 gram substance. The subsequent lab report correctly calculated the amount of pure cocaine base contained in the 83.3 gram substance, and concluded that the substance contained 48.3 grams of pure cocaine base. The district court correctly determined Lewis' sentencing range based on the weight of the mixture containing the cocaine base, rather than the weight of the pure cocaine base. See id. In addition, the record indicates that while defense counsel may not have been informed of the recalculation of the amount of pure cocaine base, the results of the subsequent report were discussed and verified with defense counsel prior to Lewis' guilty plea and his co-defendant's trial.
 
 
 8
 Accordingly, the district court properly used the 83.3 grams of the substance containing 48.3 grams of cocaine base to calculate Lewis' sentence. See Chapman, 111 S.Ct. at 1925.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Lewis' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lewis also claims that he was entrapped by the police. Because Lewis pled guilty, we deem this issue waived. See United States v. Cortez, 973 F.2d 764, 766 (9th Cir.1992) (a guilty plea generally waives all nonjurisdictional violations occurring before the plea)