66 F.3d 336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellant,
v.
George V. HANSEN, Defendant-Appellee.
 No. 95-35094.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 Before: GOODWIN, WIGGINS and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 George V. Hansen appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside or correct his sentence. Hansen contends that he received ineffective assistance of appellate counsel and that his due process rights were violated by the judge's failure to appoint counsel on appeal. For the first time on appeal, Hansen contends that he also received ineffective assistance at trial and that a recent Supreme Court decision mandates vacating his sentence.[1] We review de novo a district court's decision on a Sec. 2255 motion. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm in part, and reverse and remand in part.
 
 
 3
 * Ineffective Assistance of Appellate Counsel
 
 
 4
 Hansen contends that he received ineffective assistance of counsel on appeal because: (1) the district court's refusal to appoint Hansen's retained counsel on appeal prevented his attorney from doing necessary research and analysis, and (2) Hansen's attorney failed to submit Hansen's "good faith plan" when he filed a motion for release pending appeal.
 
 
 5
 To demonstrate ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668 687-92 (1984); Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (applying same standard to appellate representation).
 
 
 6
 Appellate counsel has no constitutional obligation to raise every nonfrivolous issue requested by the defendant. Jones v. Barnes, 463 U.S. 745, 751-54 (1983). "The weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy." Miller, 882 F.2d at 1434.
 
 
 7
 Hansen first claims that because he ran out of money and the district court refused to appoint his retained counsel, John Runft, Runft was unable to do necessary research or to employ necessary support staff. Specifically, Hansen contends that Runft was forced to discard several strategies, including arguing that Hansen was the victim of "over-zealous" government prosecution.
 
 
 8
 The record belies these claims. First, Hansen did not timely request to have Runft appointed trial counsel. Indeed, he never mentioned his indigence until four months after his conviction, in an April 6, 1993 letter to the district court. Second, on April 12, 1993, less than one week after it received this letter, the district court not only appointed Runft counsel on appeal, but went out of its way to do so.[2] Third, Runft filed a well-researched, 49-page brief on appeal challenging the sufficiency of the evidence and the trial court's failure to dismiss the superseding indictment. Finally, in light of the evidence that Hansen was prosecuted because both the Bank of Commerce and First Security Bank filed complaints after being defrauded of over two million dollars, we do not consider ineffective Runft's failure to argue that Hansen was prosecuted in retaliation for his political views. See Jones, 463 U.S. at 751-54; Miller, 882 F.2d at 1434.
 
 
 9
 Hansen's second claim is that Runft was ineffective because he failed to submit to the district court Hansen's "good faith plan," which outlined Hansen's plan to pay restitution to those he had defrauded if he were released pending appeal. This contention lacks merit.
 
 
 10
 Runft vigorously argued for Hansen's release pending appeal. Moreover, because Hansen had already testified unsuccessfully at his sentencing hearing that he should get probation because of his specific plan to pay restitution, he cannot show that, but for Runft's failure to submit his letter, he would have been released pending appeal. Accordingly, Hansen has not shown that he received ineffective assistance of counsel. See Strickland, 466 U.S. at 692.
 
 II
 Claims Raised for the First Time on Appeal
 
 11
 On appeal, Hansen contends for the first time that: (1) he received ineffective assistance of counsel at trial, and (2) a recent Supreme Court case requires that his sentence be vacated.
 
 
 12
 Generally, issues raised for the first time on appeal are deemed waived. United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). This court will, however, considered new issues on appeal if review is necessary to prevent a miscarriage of justice, a new issue arises while appeal is pending because of a change in the law or the issue is purely one of law and either does not depend on the factual record developed below or the relevant record has been fully developed, id.
 
 
 13
 None of the exceptions to the general rule of waiver is applicable to Hansen's ineffective assistance of trial counsel claim. Hansen has not cited any exceptional circumstances, there has been no change in the law, and the issues he raises require factual determinations which should have been made by the district court. See id. Accordingly, Hansen's claim that his attorney was ineffective at trial is deemed waived. See id.[3]
 
 
 14
 Hansen's claim that the recent Supreme Court case, United States v. Hubbard, 115 S.Ct. 1754 (1995), mandates that his sentence be vacated, however, has merit. In Hubbard, the Supreme Court, overruling contrary precedent, held that 18 U.S.C. Sec. 1001 was meant to apply only to false claims made to the Executive Branch, not to false claims made to Congress. Hubbard, 115 S.Ct. at 1758-61, 1765.
 
 
 15
 Here, the district court assessed Hansen two points at sentencing because of his 1984 conviction of making false statements to Congress in violation of Sec. 1001. See United States v. Hansen, 772 F.2d 940 (9th Cir.1985), cert. denied, 475 U.S. 1045 (1986). Because Hubbard invalidates Hansen's 1984 conviction, we vacate Hansen's sentence and remand the case for resentencing consistent with this memorandum disposition.[4]
 
 
 16
 AFFIRMED, in part, REVERSED and REMANDED, in part.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hansen also appeals the district court's order denying his motion to proceed in forma pauperis on appeal. The district court properly denied Hansen's petition as moot because Hansen had already been granted in forma pauperis status on appeal. Accordingly, we affirm the district court's order
 
 
 [2]
 In light of these facts, Hansen's contention that his due process rights were violated because the district court failed to appoint him counsel on appeal, after being informed of his indigence, is likewise insupportable
 
 
 [3]
 To the extent that Hansen's letter filed August 21, 1995 raises additional issues not raised in his Sec. 2255 motion, we note that these issues do not fall into one of the three exceptions noted above, and therefore decline to address them on appeal. See Reyes-Alvarado, 963 F.2d at 1189
 
 
 [4]
 The parties shall bear their own costs on appeal