66 F.3d 337
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tom Arvid NELSON, Defendant-Appellant.
 No. 94-56178.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 8, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tom Arvid Nelson appeals pro se the denial of his motion to vacate his sentence under 28 U.S.C. Sec. 2255. The district court concluded that Nelson's sentencing claims were procedurally barred, and in the alternative, were meritless. We have jurisdiction and review de novo. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991). We affirm.
 
 
 3
 In United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995), we held that "nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. Sec. 2255." We emphasized that nonconstitutional claims "are waived, without any opportunity to be saved by a showing of cause and prejudice." Id. Therefore, we are not required to examine whether Nelson has established cause for failing to raise his claims regarding the calculation of his criminal history score and adjusted offense level because they are barred. See id. The exception for claims that could not be discovered until after sentencing does not apply here. See id.
 
 
 4
 As to Nelson's claim that double jeopardy barred the imposition of both the consecutive 60-month sentence for using a firearm during a crime violence in one robbery and the upward adjustment of his base offense level for displaying a firearm during two other robberies because the robbery counts were not grouped under the Sentencing Guidelines, the district court correctly concluded that Nelson had not shown cause for his failure to raise this constitutional claim on direct appeal. Cf. id. (cause and prejudice analysis applies to constitutional claims that were not raised on direct appeal). Nelson's statement that he does not know why his attorney did not raise the issue does not suffice. Cf. Tacho v. Martinez, 862 F.2d 1376, 1381 (9th Cir.1988) (ineffective assistance of appellate counsel may constitute cause for procedural default).[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decline to consider Nelson's argument that he was denied a jury trial on the gun adjustment because he did not include that claim in his Sec. 2255 motion. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987)