67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ben TORRES, Defendant-Appellant.
 No. 94-17229.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 25, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ben Torres appeals the district court's denial of his petition for relief under 28 U.S.C. Sec. 2255. Torres was sentenced to twenty years in prison after he violated the conditions for suspension of a sentence that was imposed in 1987 following his plea of guilty to manufacturing and possessing marijuana.
 
 
 3
 Torres claims that the sentence of twenty years is excessive because he was not aware that his participation in the offense to which he pleaded guilty in 1987 exposed him to a term of imprisonment longer than five years. We have jurisdiction under 28 U.S.C. Sec. 2255, and we affirm.
 
 
 4
 We review de novo both the district court's denial of a federal habeas petition, Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991), and the adequacy of a Rule 11 hearing, United States v. Alber, 56 F.3d 1106, 1109 (9th Cir.1995).
 
 
 5
 Rule 11(f) requires the district court to satisfy itself that there is a factual basis for all elements of the offense charged before accepting a guilty plea.... To establish a factual basis for the plea, the court may consider all of the evidence before it at the time of judgment. See Fed.R.Crim.P. 11(f) advisory committee notes (1974 amendment).
 
 
 6
 Id. at 1110. The court must also inform the defendant of the maximum possible penalty provided by law. Rule 11(c)(1).
 
 
 7
 Here, Torres was charged with aiding and abetting his codefendants, Steve and Malynda Machado, in the cultivation of 1,312 marijuana plants. His own written statement says "I had met Steve Macado [sic] before.... He told me that if I would help him he would let me grow some weed at his house. So I would go over to his house and help with building on what ever he wanted me to do after a month or two he said I could have a few plants out of 100 plants he had in this room I had about 25 plants."
 
 
 8
 At his Rule 11 hearing, the district court read to Torres both counts of the indictment, including the stipulation that he was accused of cultivating (Count I) and possessing with the intent to distribute (Count II) 1,312 marijuana plants. The court then asked, "do you understand that if you plead guilty to those charges the court may sentence you to prison for a term of up to twenty years?" and Torres responded "yes."
 
 
 9
 Torres stated on the record that he "had something to do with the operation over there," and that he "advised [the Machados] on different things." When pressed by the district court, he admitted to advising the Machados on growing marijuana. When Torres denied having possessed marijuana for sale, the district court amended Count II of the indictment to charge him with simple possession.
 
 
 10
 In accordance with his plea agreement, Torres was sentenced, as the least culpable participant in the Machados' operation, to three years' probation. In 1991, he pleaded guilty to six counts of statutory rape and, after a hearing, the district court revoked probation and sentenced him to twenty years in prison.
 
 
 11
 Torres claims that, because the 1987 discussions concerning amending Count II followed the district court's statement of the maximum possible penalty, he was unaware that the charges to which he eventually pleaded exposed him to a potential prison term of twenty years. He argues further that there was no factual basis for making him criminally liable for the Machados' operation because he denied involvement except to the extent that he cultivated "a few" plants of his own on the Machados' property. We reject these claims.
 
 
 12
 Torres' written statement and his admission to the court that he advised the Machados are sufficient to implicate him in their criminal operation. Indeed, Torres made clear that Machado gave him the "few" plants he conceded to possessing in exchange for his advice and assistance with the larger operation. These statements are sufficient to form a factual basis for the district court's acceptance of Torres' plea. See Alber, 56 F.3d at 1110.
 
 
 13
 We are also satisfied that the parties' discussion about amending Count II was sufficiently discrete as not to confuse Torres about the maximum penalty for violating Count I. The court gave no new admonition following the discussion, and Torres sought no clarification of the potential penalties. We note that if the amended charge had, in fact, resulted in a lower maximum sentence, then, at worst, the district court's warning was too dire. Torres nonetheless pleaded guilty. Accordingly, we hold that the Rule 11 colloquy was adequate. See Alber, 56 F.3d at 1109.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Torres' request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3