67 F.3d 309
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lelas Charles GENTRY, Defendant-Appellant.
 No. 94-56440.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 27, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lelas Charles Gentry appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion to vacate, set aside or correct his sentence. A jury convicted Gentry in 1992 of conspiring to present false claims to the government and making false claims in violation of 18 U.S.C. Secs. 286 and 287. We review de novo a district court's decision on a Sec. 2255 motion. Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Gentry contends that his trial counsel was ineffective for failing to detect certain flaws in the indictment which, he alleges, resulted in a conviction that violates double jeopardy and creates a risk that the jury's verdict was not unanimous. These contentions lack merit.
 
 
 4
 To demonstrate ineffective assistance, a defendant must show that counsel's representation fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. Strickland v. Washington, 466 U.S. 668, 687-92 (1984). Failure to raise meritless legal arguments does not constitute ineffective assistance of counsel. See Shah v. United States, 878 F.2d 1156, 1162 (9th Cir.), cert. denied, 493 U.S. 869 (1989).
 
 
 5
 Gentry asserts that his indictment violated double jeopardy because he was charged with both conspiring with his son to obtain the payment of a fraudulent claim and obtaining payment of fraudulent claims jointly with his son. He argues that because his son was both coconspirator, and aider and abettor, and because the two charges allege the same conduct, they are identical for double jeopardy purposes. We disagree.
 
 
 6
 A substantive crime and a conspiracy to commit that crime are not the "same offense" for double jeopardy purposes. United States v. Felix, 503 U.S. 378, 380-81 (1992). The government's decision to use aiding and abetting language to allege the substantive offense does not convert that charge into a conspiracy charge. Accordingly, Gentry's indictment does not violate double jeopardy. See id.
 
 
 7
 Gentry next contends that his indictment was duplicitous because he was charged with making and presenting false claims under 18 U.S.C. Sec. 287, which prohibits making or presenting false claims. This argument fails.
 
 
 8
 Where a statute defines only one offense, but more than one means of committing the offense, it is proper for the government "to charge the different means, denounced disjunctively in the statute, conjunctively in each count of the indictment." United States v. UCO Oil Co., 546 F.2d 833, 838 (9th Cir.1976), cert. denied, 430 U.S. 966 (1977). Accordingly, the indictment was not duplicitous. See id.; Schad v. Arizona, 501 U.S. 624, 631 (1991).
 
 
 9
 Because we uphold the conjunctive language of the indictment, Gentry's related claim, that he cannot now tell if the jurors were unanimous in convicting him of making false claims or presenting false claims, likewise fails. Jurors are not required to agree upon the means the defendant used to commit the offense. Schad, 501 U.S. at 631-32. Accordingly, the judge was not required to so instruct the jury on unanimity or to submit a special verdict sheet. See id.
 
 
 10
 Because Gentry's arguments are meritless, his counsel was not ineffective by failing to raise them.[1] See Shah, 878 F.2d at 1162.
 
 
 11
 Gentry contends for the first time on appeal that: (1) United States v. Gaudin, 28 F.3d 943 (9th Cir.1994), affirmed, 115 S.Ct. 2310 (1995), requires that his sentence be vacated; and (2) his sentence violates the "concurrent sentence doctrine." These contentions lack merit.
 
 
 12
 Although none of the exceptions to the general rule of waiver is applicable to Gentry's "concurrent sentence doctrine" claim, we may reach his claim that the recent Ninth Circuit case, Gaudin, 28 F.3d 943, requires that his sentence be vacated. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.) (allowing consideration for the first time on appeal of claim that arises due to change in the law), cert. denied, 113 S.Ct. 258 (1992). In Gaudin, we reaffirmed "that when the element of materiality requires a factual finding, as it does in [18 U.S.C.] section 1001 prosecutions, that element must be submitted to the jury." Gaudin, 28 F.3d at 951. Gentry contends that the same logic applies to 18 U.S.C. Secs. 286 and 287, and thus the district court erred in refusing to submit materiality to the jury. We disagree.
 
 
 13
 First, 18 U.S.C. Sec. 1001 explicitly makes materiality an element of the offense; 18 U.S.C. Sec. 287 does not. Second, this court has never held that materiality is an implicit element of 18 U.S.C. Sec. 287. Finally, Gaudin makes clear that "the issue of materiality in most [criminal perjury and false statement statutes] is a question of law for the judge. The exception has been section 1001 cases, in which we have held that it is an element of the crime that must be determined by the jury." Gaudin, 28 F.3d at 945.
 
 
 14
 Accordingly, we affirm Gentry's convictions.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we find Gentry's arguments meritless, we need not reach the issue of whether his claims are procedurally barred