104 F.3d 366
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert DASILVA, Defendant-Appellant.
 No. 96-55122.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1996.*
Decided Dec. 20, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Robert DaSilva appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate the sentence imposed for his 1989 conviction for conspiracy to manufacture methamphetamine and possession of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991) and affirm.
 
 
 3
 DaSilva first contends that the clerical error in the penalty statute at the time he was sentenced rendered the statute ambiguous because a crime involving one hundred grams or more of a mixture containing methamphetamine triggered both the five year and ten-year mandatory minimum. DaSilva concludes that the rule of lenity require the court to reduce his sentence below the ten-year mandatory minimum. DaSilva failed, however, to raise this issue either at his sentencing or in his direct appeal. Accordingly, we refuse to consider the issue presented for the first time in DaSilva's section 2255 motion. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994) (holding that "nonconstitutional sentencing errors that have not been raised on direct appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255.").
 
 
 4
 DaSilva next argues that the government did not meet its burden of establishing which type of methamphetamine was involved in his case. Because DaSilva failed to raise any objection regarding the type of methamphetamine, either an sentencing or on direct appeal, he is barred from raising the issue for the first time in this § 2255 motion. See United States v. Mcmullen, 98 F.3d 1155, 1157 (9th Cir.1996). The district court did not err by rejecting DaSilva's request for an evidentiary hearing on this issue. See id. at 1159.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, DaSilva's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3